### SAM DODSON v. THE STATE.

No. 2881.    Decided January 27, 1904.

**1.—Continuance—Second Application.**

Where, on application for a second continuance for the same witness, the record disclosed that the court had postponed the trial for several days until process was returned that the witness could not be found, when defendant was forced to trial, and in the motion for new trial it appeared that the sworn statement of said absent witness was controverted by the affidavits of the district attorney and others rendering such statement improbable in the light of the record, there was no error in overruling such application and refusing the motion for new trial.

**2.—Charge of the Court.**

Where a requested charge is substantially embraced in the general charge, there is no error in refusing it.

**3.—Argument of Counsel.**

Unless a special charge is requested informing the jury not to consider objectionable language of counsel or excluding it, the same will not be reviewed; furthermore, such language must have injured the rights of appellant.

Appeal from the District Court of Travis.   Tried below before Hon. George Calhoun.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

No statement necessary.

No briefs for appellant on file.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of assault with intent to murder, and his punishment assessed at confinement in the penitentiary for a term of two years.

He insists that the court erred in refusing his second application for continuance. Attached to the bill presenting this matter is the following explanation by the court: "The case having been continued for the term once before on application of defendant because of the nonattendance of witness Charles Van Zandt, for whom process had been taken out by the State but not by defendant, and returned not served, witness not found. The State had caused to be issued four subpoenas for said witness, all of which had been returned not served, witness not found. On October 17, 1903, the case was continued, as above stated, on application of defendant. The criminal docket was again set for trial at the next term of court on November 16, 1903; and on that date, and not before, defendant caused to be issued a subpoena for said witness. The case when reached on the docket on November 16, 1903, was postponed at the request of defendant until he could hear from said subpoena, which was issued to Williamson County, Texas. On November 20, 1903, when the case was again reached on the docket and called for trial, the return of the sheriff of Williamson County showed that the said witness Van Zandt could not be found after diligent search of Williamson County, and defendant's second application for continuance on the ground of the absence of said witness Van Zandt was overruled." Attached to the motion for new trial is the affidavit of the absent witness Charles Van Zandt, which states, in substance, that on the morning of the difficulty he and the defendants had started to the prairie to chop cotton, and while passing Heep's place they applied to prosecutor Thrift for work, and were employed by Thrift to chop cotton for the remainder of the day for sixty cents. At noon he and defendant went to the house occupied by Egbert Hall. They discussed the situation and concluded if they continued to work for prosecutor there might be some difficulty between them, as Thrift had not been satisfied with their work in the morning, and grum-

bled a good deal at them. They returned to where Thrift and Neal Sorrels had eaten dinner at the well; and Dodson said to Thrift that they would not work any longer, as they found it impossible to please him therefore they wanted their money and would quit. Thrift stated that he did not employ them by the half day but by the day. Defendant then said that it did not make any difference to him whether he was employed by the day or half day just so he got his money. Some other words were passed by Dodson and Thrift, and Thrift picked up a brush and started towards Dodson, and said to him, 'You damn black son of a bitch, I'll beat your head off." Dodson asked Thrift several times to stop; but Thrift continued advancing towards Dodson until near the fence, when Thrift threw down the brush, put one hand in his pocket and the other on the fence, and started through the fence, when Dodson reached to the ground and picked up a rock and threw it at Thrift. When the rock was thrown, both affiant and Dodson ran away, and affiant does not know what further happened. That Dodson was in no way responsible for affiant being absent from the trial; that he has been away from Travis County, in San Saba County.

The district attorney by his own affidavit controverts the above statement of the witness Van Zandt in the following manner: That he examined the witness before the grand jury touching the assault made by defendant Sam Dodson on Thrift; and Van Zandt, after testifying that he and Dodson went to work for Thrift on the day of the assault and worked until dinner time, when they proposed to quit, stated he did not say a word, but after some conversation between Thrift and Dodson about him (Van Zandt) and Dodson quitting work, and Dodson demanding from Thrift pay for the work up until noon, that Thrift stated to Dodson that he could not pay them, as he had no money in the field with him, and Dodson replied, "I always heard you wouldn't pay, and now I know it; but you'll have to pay me, and pay me now." That at the time there was a barbed-wire fence between where Thrift was sitting down and Van Zandt and Dodson were standing; that as soon as Dodson said this, Thrift grabbed a little piece of brush and jumped up and started towards where they were, and said to Dodson, "Get away from here and don't sass me any more, and if you don't get away I will give you a whipping;" that when Thrift started towards where they were, he (Van Zandt) turned and ran off, and did not see Dodson when he threw the rock, and did not know whether he had the rock before he (Dodson) came up to the fence or not. Prosecuting witness and the negro Sorrell, who was with the prosecutor at the time of the difficulty, swear to a converse statement to that set up by the affidavit of Van Zandt; and the affidavit of the district attorney clearly controverts the salient features of the affidavit of Van Zandt: rendering the same improbable in the light of this record. Therefore, we hold that the court did not err in overruling the application for continuance nor in refusing the motion for new trial on this ground.

Appellant reserved a bill of exceptions to the refusal of the following special charge: "You are further instructed that the State must prove beyond a reasonable doubt that the defendant at the time the assault was committed, if any such assault was committed, intended to kill the said Geo. W. Thrift, and if the State fails to prove this intent beyond a reasonable doubt, you will acquit defendant of assault with intent to murder." This charge was substantially given, as stated, by the court in the qualification to the bill, in the main charge of the court.

Bill number 3 complains of the following language used by the district attorney in his argument to the jury: "It is just such impudent and sassy negroes as the defendant is shown by the evidence to be, causing trouble in this country." No special charge was presented by appellant to the court on this matter. Furthermore, we do not see how it could have injured appellant.

The charge of the court is correct. The evidence supports the finding of the jury. The judgment is affirmed.

*Affirmed.*