CLARNETA MARTIN v. THE STATE.

No. 23180. Delivered June 27, 1945.
Rehearing Denied (Without Written
Opinion) October 10, 1945.

The opinion states the case.

*Burns & Burns,* of Huntsville, and *J. J. Collins,* of Houston, for appellant.

*A. C. Winborn,* Criminal District Attorney, and *E. T. Branch,* Assistant Criminal District Attorney, both of Houston, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is an assault with intent to murder. The punishment assessed is confinement in the state penitentiary for a period of five years.

Appellant's first complaint is that the evidence is insufficient to sustain her conviction. To this we are unable to agree.

The State's evidence shows that appellant and Jessie Turner, the injured party, were very close neighbors, their homes being only about ten or twelve feet from each other. On the day in question, Jessie Turner went into her back yard and noticed that a lot of trash had been deposited there. She remarked: "I am damn tired of people throwing mess in my yard." When this remark was made, appellant came out of her back door and struck Jessie with a stick, whereupon a general fight ensued in which some of appellant's kin participated. Jessie then began a hasty retreat and called the officers who responded to her call and apparently settled the trouble between the parties. Sometime later, while Jessie was out on her front porch mopping up the floor, appellant appeared on her front porch with a shotgun and shot Jessie in the left arm. As a result of the wound her arm was in such condition that it necessitated amputation.

Appellant, who testified in her own behalf, admitted shooting Jessie, but claimed that Jessie had threatened to kill her, and when she saw Jessie on the front porch, she did not know what she had or what she was going to do, but believing that she intended to kill her (appellant) or inflict serious bodily injury upon her, she shot Jessie in self-defense.

The court, in his charge to the jury, instructed them relative

to the law of an assault with intent to murder with and without malice, aggravated assault, and self-defense. No complaint was made against the charge. The jury found her guilty and assessed her punishment as above stated. The evidence is ample to sustain the jury's verdict.

Appellant brings forward one bill of exception in which she complains of certain remarks by the Assistant District Attorney in his argument to the jury. The court, with an abundance of caution to give her a fair trial, sustained the objection and instructed the jury not to consider the same for any purpose. However, we are of the opinion that the argument complained of was a reasonable deduction from the evidence introduced. Before we will reverse a case because of remarks by prosecuting counsel, it must clearly appear to us: (1) that the remarks were improper; and (2) that they were of a material character and such as, under the circumstances, were calculated to injuriously affect the rights of the defendant. See Pierson v. State, 18 Tex. App. 524; Morris v. State, 39 Tex. Cr. R. 371; Dodson v. State, 45 Tex. Cr. R. 574; Bennett v. State, 78 Tex. Cr. R. 231, 181 S. W. 197; Fields v. State, 95 Tex. Cr. R. 20, and cases cited.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.