### JOSE SIERRA v. THE STATE.

*No. 849.   Decided May 27th, 1896.*

1. **Murder—Manslaughter—Charge.**

See, the facts on a trial for murder stated in the opinion, upon which it is Held: That the court did not err in failing or refusing to charge upon manslaughter.

2. **Same—Killing Officer in Rescue of a Prisoner from Arrest—Charge.**

On a trial for murder, where it appeared that deceased was an officer who was killed by parties in rescuing a prisoner whom he had arrested, and there was no question of the legality of the arrest and defendant's knowledge of the arrest. Held: That the court could, under the facts, have properly assumed that the arrest was a legal arrest and defendant was not prejudiced by an instruction given by the court to the effect that the question of the arrest was not one for the determination of the jury, for if the arrest was an illegal one, defendant had no right to attempt a rescue by force.

3. **Special Instructions.**

It is not error to refuse special requested instructions, where the charge given sufficiently covers the subject matter of such instructions.

APPEAL from the District Court of El Paso.   Tried below before Hon. C. N. BUCKLER.

Appeal from a conviction for murder in the second degree; penalty, five years' imprisonment in the penitentiary.

The opinion states the case.

[No brief for appellant.]

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of murder in the second degree, and given five years in the penitentiary, and prosecutes this appeal. The court charged the jury on murder in the first and second degrees, and on self-defense, but the appellant complains that the court did not charge on manslaughter. We have examined the record to see if there was any evidence requiring the court to submit such a charge. From the statement of facts it appears that the killing occurred in the town of San Elizario, El Paso County, and that the party killed (D. Soto) was a policeman of said town. It appears that in one of the public streets of the said town a fight occurred between Appolonio Sierra and Abel Arroyos, and that said D. Soto arrested them. He summoned Medina to assist in making the arrest. After he had arrested them, Appolonio Sierra obtained permission to go into the house of Ortez, near by (where there was a dance which the parties, it seems, had been attending), to get his hat. He came out of the house, accompanied by Jose Sierra and Severo Cordero. They wanted to know what D. Soto had arrested him for, and were informed—for fighting. They then proposed to be responsible for him until the next morning. The officer told them no; he would take them before the justice, and he could dispose of them as he pleased. Severo Cordero then said that they should not take Appolonio Sierra. Medina was commanded by D. Soto to take Appolonio Sierra on. Thereupon Cordero grabbed Medina's club or stick. Medina compelled him to turn the stick loose, and Severo Cordero then struck Medina in the face with a bottle, and knocked him down and took his stick away from him, and then struck him another blow on the head with the stick or bottle. At this point D. Soto, who was on horseback, turned and interfered on behalf of his assistant, Medina, striking Cordero with a cane. Cordero turned, and, with the first blow of the club which he had in his hand, knocked the horse of D. Soto down, and then knocked D. Soto down with the club. In the meantime the appellant, Jose Sierra, and Appolonio Sierra, joined with Severo Cordero in the assault on the deceased, D. Soto, and beat him until he was unconscious. Medina and D. Soto were both carried off badly used up. D. Soto lived some four or five days in a comatose state, and died from the effects of the wounds. His skull was fractured both in the front and behind, and his face and body bruised, in the assault. The appellant and Cordero escaped, and were captured at the house of the father of appellant, some six or eight miles from the scene of the difficulty, the next day, or the day thereafter. The altercation, as appears from the statement of facts,

occurred on account of the arrest of Appolonio Sierra. He had already been arrested by the officer, and had apparently consented thereto, and there can be no question as to the legality of the arrest. See, Code Crim. Proc., 1895, Arts. 43, 45, 48. Nor does it appear that any question was made as to the authority of the officer to make the arrest. Without any excuse or justification—with knowledge on the part of the appellant of the arrest—he and his companions proposed to interfere and to release the prisoner. Cordero attempted to disarm Medina, the person assisting the officer, and, failing in this, he struck him a blow with a bottle which knocked him to the ground. On the interference of D. Soto, the deceased, the parties, including the appellant, set upon him and beat him until he was unconscious, inflicting upon him mortal wounds. In the view we take of the case, the question of manslaughter does not arise in this case. Appellant also complains of the charge of the court on the question of arrest. Said charge is as follows: "The question as to whether Abel Arroyos and Appolonio Sierra were illegally arrested or not is not a question for your determination, because there is no evidence that the action of the defendant, if you should find from the evidence that he participated in the killing of the said D. Soto, if he was killed, was influenced by the alleged illegal arrest of said parties by the said D. Soto, and if they were illegally arrested by said D. Soto the defendant had no right to attempt their rescue by force." If there was any testimony in this case showing that the arrest was illegal, then the appellant might complain, but the testimony in this regard is all one way, and said charge could not have prejudiced the appellant. Under the circumstances of this case, the court could have assumed that the arrest was a legal arrest, as it was not controverted, and the evidence was clear on that point. Appellant also complains that the court refused to instruct the jury as requested by him on the law of principals. We think the charge of the court in this respect was sufficient, and the testimony unquestionably shows that the appellant, with full knowledge of the object and purpose of Severo Cordero, co-operated with him in releasing Appolonio Sierra. The court gave an elaborate charge on self-defense, but there was nothing in the evidence calling for such a charge, and it gave appellant advantages to which he was not entitled, and he certainly cannot be heard to complain. The judgment is affirmed.

*Affirmed.*