### Lee Adams v. The State.

#### No. 2653.   Decided February 25, 1903.

**1.—Recognizance on Appeal—Sufficiency.**

A recognizance on appeal which omits to conclude with the phrase, "in this case," as is required by the statute, article 887, Code of Criminal Procedure, is fatally defective.

**2.—Same—Name of Appellate Court.**

A recognizance on appeal which binds appellant to appear and abide the judgment of the "Criminal Court of Appeals," instead of "the Court of Criminal Appeals," is fatally defective. There is no such court as the "Criminal Court of Appeals."

Appeal from the County Court of Knox. Tried below before Hon. G. R. Landrum, County Judge.

Appeal from a conviction of intimidation and assault; penalty, a fine of $25 for intimidation as charged in the first count. in the indictment, and a fine of $5 for the assault, as charged in the third count of the indictment.

No statement is required.

*James A. Stephens,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State

HENDERSON, Judge.—The Assistant Attorney-General has filed a motion to dismiss the appeal on alleged defects in the recognizance—first, because the recognizance does not conclude as is required by article 887, Code of Criminal Procedure, in that it omits to conclude

with the phrase "in this case;" second, that the recognizance binds appellant to appear "to abide the judgment of the Criminal Court of Appeals of this State." The form prescribed by the statute requires appellant to appear in order to "abide the judgment of the Court of Criminal Appeals of the State of Texas in this case." In regard to the first objection, it has been expressly decided that such recognizance is bad, in that it does not substantially comply with the form of recognizance prescribed in article 887, Code of Criminal Procedure. Cryer v. State, 36 Texas Crim. Rep., 621; Duffer v. State (Texas Crim. App.), 38 S. W. Rep., 997; Lively v. State, Id.

We are not aware that the second objection has ever been passed upon, but the tendency of our decisions in construing this statute is to require a substantial compliance with the terms thereof. In Cummings v. State, 31 Texas Crim. Rep., 406, it was held that the recognizance requiring the appearance of an appellant to abide the judgment of the Court of Appeals was defective, on the ground that it failed to properly name the court of last resort having jurisdiction of the appeal. Here, in naming the court, the word "Criminal" is transposed, so as to term the appellate court the "Criminal Court of Appeals," instead of the "Court of Criminal Appeals." There is no such court as that used in this recognizance. The Legislature, in prescribing the form of recognizance, used the name of the court having appellate jurisdiction of the case—a name prescribed by law. The form is plain in terms, and its objects was to simplify recognizances, and by the least care in perfecting an appeal the prescribed form can be complied with. We hold that the designation of the court here used was not in compliance with said article of the Code of Criminal Procedure, and that the recognizance is defective on that account. The motion is accordingly sustained, and the appeal is dismissed.

*Appeal dismissed.*