REAGAN HARDEN v. THE STATE.

No. 936. Decided February 8, 1911.

Rehearing Granted April 19, 1911.

1.—Keeping Disorderly House—Information—Complaint.

Where the complaint charged one offense and the information another distinct offense, the prosecution must be dismissed, but where upon rehearing it was shown that the clerk had made a mistake in copying the information, and that there was a proper information filed in the case, the appeal will be reinstated.

**2.—Same—Insufficiency of the Evidence.**

Where, upon appeal from a conviction of keeping a disorderly house by reason of the fact that intoxicating liquors were sold therein, the evidence showed that the defendant was not connected in any way with the sale of intoxicating liquors as alleged, the conviction cannot be sustained.

**3.—Same—Recognizance.**

Where the recognizance failed to recite the amount of the fine or punishment assessed against the appellant, and failed to conclude with the words "in this case" the same was insufficient. However a proper recognizance was filed and the case reinstated.

Appeal from the County Court of Potter. Tried below before the Hon. W. M. Jeter.

Appeal from a conviction of keeping a disorderly house; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

*Reeder & Graham,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Motion is made by the Assistant Attorney-General to dismiss this appeal because the recognizance contained in the record does not comply with the Acts of the Twenty-fifth Legislature, 1897, and the prescribed form as found in article 887 of the Code of Criminal Procedure. The recognizance in this particular case fails to recite the amount of the fine or punishment assessed against appellant, and it also fails to conclude with the words "in this case" as is prescribed in said form. The motion is well taken. Walker v. State, 56 S. W. Rep., 913; McDade v. State, 56 S. W. Rep., 916; Adams v. State, 44 Texas Crim. Rep., 534.

The motion to dismiss the appeal is sustained, and the appeal is dismissed.

*Dismissed.*

ON REHEARING.

April 19, 1911.

DAVIDSON, PRESIDING JUDGE.—On a former day of this term the appeal was dismissed for want of a legal and sufficient recognizance. Since that dismissal the appellant has filed with us a sufficient recognizance which he is authorized to do under the Act of the Legislature, and based upon this he moves a reinstatement of the case and a hearing upon the merits. The case under the showing made will be reinstated and the questions suggested for revision will be reviewed.

The complaint charges a violation of article 359, Penal Code, as amended by the Act of 1907, p. 246. It alleges that he kept a disorderly house where "spirituous, vinous and malt liquors were sold and kept for sale without a license first having been obtained

under the laws of the State of Texas to retail such liquors," and it further charges that he "sold and kept for sale and was concerned in selling spirituous, vinous and malt liquors without having first obtained a license" to retail such liquors and that he did not have such license. The information charges only a violation of the local option law in stereotyped form without any reference to the law in respect to disorderly houses. The complaint does not even indirectly refer to the local option law and the information does not refer in any manner to the disorderly house law. As the record presents it we have a complaint followed by an information which does not charge the offense set out in the complaint. It is settled both by statute and decision that there must be a complaint as a predicate for an information and an information predicated upon that complaint, and that the information must follow and conform to the charge set forth in the complaint. It has always been held that unless this has been done the information is vicious. To sustain this, we think it hardly necessary to cite authorities. However, we will refer for collation of authorities to White's Annotated Code Crim. Proc., section 396, where a great number of cases are cited. We are not aware of any case in which it has been held otherwise in this State. Where the information charges a violation of the local option law it must be preceded, therefore, by a complaint charging that offense. There is no charge in the complaint that the local option law was violated and no intimation even of its existence. The information does not charge a violation of the disorderly house Act, nor is it even remotely or indirectly referred to in the information. It is true that one phase of the disorderly house Act does prohibit the sale of intoxicating liquors without first having procured a license, and if such sales should occur in a disorderly house in local option territory a prosecution might be entertained by the courts for that offense, yet the complaint must so charge. The local option law does not apply to nor prohibit sales of other things and matters than intoxicating liquors that may occur in disorderly houses. Other sales or the sale of other things might readily occur in a house of prostitution without infringing the local option law. There is a difference between the sale of intoxicating liquors and the sale of another thing or other things that are not intoxicating and it is not difficult, we think, to ascertain this fact; nor ought it to be difficult to ascertain or realize the difference between local option laws and disorderly house Acts. We think there would be quite a difference, or might be quite a difference, and a line of demarkation might readily be drawn as to where local option ends and prostitution begins. These two matters are not thought to be even brought within the rule of ejusdem generis by the stretch of any rule of construction or interpretation. Local option laws only prohibit sales of intoxicants. There has not as yet been or sought to be enacted any law authorizing a referendum to prohibit sales of prostitution—at least none has been

called to the attention of this court; but even if there was such an Act, still the complaint and information must charge the same offense whatever that offense may be.

Again, the information does not charge an offense as viewed from another allegation. It charges appellant with selling to himself in the following language: "Reagan Hardin did then and there unlawfully sell to Reagan Hardin intoxicating liquors," etc. This would not charge a violation of the law. A sale must be to some other person than the seller.

The motion for rehearing is granted, the affirmance is set aside and the judgment is reversed and the cause remanded.

*Reversed and remanded.*

### ON REHEARING.

#### April 19, 1911.

DAVIDSON, PRESIDING JUDGE.—During the present term of the court the judgment herein was reversed because of the fact the record showed that the complaint charged one offense and the information another and distinct offense. The State filed a motion for rehearing, setting out a mistake on the part of the clerk copying the information in the record, and filed a corrected transcript showing there was a proper information filed. The case is reinstated, to be considered upon its merits.

Appellant was charged with and convicted of keeping a disorderly house, the allegation being the house was disorderly by reason of the fact that intoxicating liquors were sold in it. The evidence shows the house was controlled by Savage. Appellant's connection with the house, if at all, was as employe in the pool-room department of the house, and his duties seemed to have consisted of placing the balls in the racks. There is no evidence showing that he was connected with the sale of intoxicating liquors as far as we understand this record. There is no evidence showing or tending to show that he was the keeper of the house, or in anywise concerned in the keeping of the house otherwise than as stated. On one occasion some of the witnesses testify they saw him sitting near the bar in the room where beer and soda water and things of that sort were sold, and he was seen by one witness to go to the cash regster and place fifty cents in it or get change for fifty cents, but this witness saw him sell nothing, and did not know why it was he went to the cash register, but there is no evidence, so far as we understand this record, that he ever sold or was concerned in selling, even as employe, any intoxicants. In this state of the record we are of opinion that the State has not made a case; therefore the judgment is reversed and the cause is remanded.

*Reversed and remanded.*