### Sewell Fields v. The State.

No. 6751.   Decided March 8, 1923.

Rehearing Denied June 23, 1923.

1.—Robbery—Evidence—Other Offenses—Limiting Testimony.

Upon trial of robbery, where defendant pleaded an alibi, there was no error in admitting in evidence testimony as to the identification of the defendant, although this included another offense not connected with the case on trial, nor was there any error under the facts of the instant case in not limiting said testimony to the purpose of identification, as the testimony was such as to said collateral offense that the jury would not probably appropriate the same for any other purpose than identification. Following Bailey v. State, 69 Texas Crim. Rep., 474, 155 S. W. Rep., 536. Morrow, Presiding Judge, dissenting.

2.—Same—Venire—Jury and Jury Law—Bill of Exceptions.

Where defendant's bill of exceptions contained only his motion to quash the venire and set out no facts offered in support of said motion, nor was

there any showing in the record which would appear to support the contention that the facts are as stated in said motion, there is no reversible error.

### 3.—Same—Charge of Court.

Where it was not plain that the law on the offense of robbery, etc., was incorrectly stated in either of the court's charges but the complaint was that the matter was submitted in two separate paragraphs in the court's charge, there was no reversible error.

### 4—Same—Charge of Court—Alibi.

Where, upon trial of robbery, the defendant pleaded an alibi and the trial court submitted a proper charge thereon, there is no reversible error.

### 5.—Same—Argument of Counsel—Bill of Exception.

Where the language of the State's counsel was not *per se* of such inflammatory or abusive character as to call for a reversal, and besides the bill of exception was insufficient, there was no reversible error.

### 6.—Same—Conduct of District Attorney—Cross-Examination.

The State had a right to cross-examine defendant relative to the matters which it expected to prove by its witnesses, reflecting the doings and whereabouts of defendant on the night of the alleged robbery, etc., and to lay a predicate to impeach him.

### 7.—Same—Rehearing—Bill of Exceptions—Practice on Appeal.

The certificate of approval of the trial court to a bill of exceptions was not to be taken as a certificate of approval of the grounds of objection therein stated, and this applies to appellant's motion to quash the special venire.

### 8.—Same—Charge of Court—Limiting Testimony—Other Offenses—Identification.

Where appellant again urged the alleged error of the admission of certain testimony of defendant's, whereabouts, including therein the commission of another offense, and the court's failure to limit the effect of such testimony, *held*, that this court, after reconsideration of the question, adheres to its former opinion, that there was no reversible error. Morrow, Presiding Judge, dissenting.

### 9.—Same—Argument of Counsel—Practice on Appeal.

The court has again reviewed the argument of the State's attorney, and adheres to its former opinion that there is no reversible error.

### 10.—Same—Rehearing—Other Offenses—Limiting Testimony.

This court has reached the conclusion that it would not be justified in ordering a reversal on the ground of admitting testimony as to other offenses and not limiting the same to the purpose of identification, etc. Morrow, Presiding Judge, dissenting.

Appeal from the District Court of Clay. Tried below before the Honorable H. F. Weldon.

Appeal from a conviction of robbery; penalty, twenty years imprisonment in the penitentiary.

The opinion states the case.

*Taylor & Taylor*, and *John Davenport*, for appellant.—On the question of other offenses and not limiting testimony, Gardner v.

State, 117 S. W. Rep., 148; Clark v. State, 128 id., 131; Parker v. State, 75 id., 30; Curtis v. State, 10 id., 380; Monroe v. State, 120 id., 419; Cano v. State, 225 id., 1095; Thornley v. State, 35 id., 982; Burks v. State, 6 id., 300; Hennessey v. State, 5 id., 215.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Clay County of the offense of robbery, and his punishment fixed at twenty years in the penitentiary.

Appellant was charged by indictment with the offense of robbery with firearms, it being shown that on the night of October 10, 1921, J. B. Givens was robbed by two men, one of whom used and exhibited a pistol, of $10.00 in money and of certain other personal property. Mr. Givens and his wife owned and operated a little store and gasoline station at Dean, a small village or postoffice eleven miles from Wichita Falls and between that city and Henrietta, county seat of Clay county. They lived in a room adjoining their store building, and at about 11 o'clock on the night in question were aroused by a person or persons wanting gasoline. Mr. Givens got up from his bed and opened the door, whereupon appellant and one Scott came into the house, asserting themselves to be officers to whom information had been given that Givens was handling moonshine liquor, and that they had come to search his premises and ascertain his guilt of said offense. Appellant gave his name as Belcher and that of Scott as Morgan, it being stated that they were officers of Wichita Falls. They made ostensible search of Mr. Givens' premises, including the store, and one of them assaulted him personally, and they took from his person and from the store the property described by him. The car in which they came was standing in front of the store and in it was a woman who remained in the car during the transaction. After the alleged robbery and at about 11:30 the parties left in said car going in the direction of Wichita Falls. Mr. Givens aroused one of his neighbors and telephoned into Wichita Falls regarding the affair, and later went to said city, and at still a later hour he identified appellant who was then in custody of the officers. After introducing Mr. Givens as a witness and the hearing of his testimony in which he positively identified both appellant and Scott, the State rested.

The defense relied upon an alibi. Appellant's father testified that he lived seven miles west and seven miles north of Wichita Falls, and that on the night in question and at 11 o'clock, appellant was at his house, having just come there from Wichita Falls for the purpose of getting from him some money. This evidence said he went to his nearest neighbor, a Mr. Temple, and got from him twenty dollars which he let appellant have. Mr. Temple later corroborated this and

said that he saw a car in front of Mr. Fields' house and some one called to him from the car and he thought it was appellant. Appellant testified detailing his movements on the night in question in the city of Wichita Falls and until he left in a car going to his father's for the purpose of getting some money. He positively denied being out in any car with Scott or a woman on the night of the alleged robbery, and said he was not anywhere in the neighborhood of Dean on said night.

Appellant has four bills of exception complaining of the introduction of certain testimony from witnesses Boatenheimer, Johnson, Ray and Faubian. It is not necessary to set out the testimony of these witnesses at length, but witnesses Boatenheimer and Johnson testified that they saw two men and a woman in a car in the neighborhood of Dean on the night in question driving toward Wichita Falls, and that shots were fired from the car occupied by said parties. Boatenheimer identified appellant as one of said parties, and Johnson identified Scott as one of them. Boatenheimer and Johnson were in separate cars when they were passed by the party on the occasion in question. The witness Faubian said that appellant, giving his name as Belcher, came to his house in Wichita Falls on the night of October 10th at about 9:30 o'clock claiming to be an officer ferreting out violations of the liquor laws and searched his house under such pretense, and that Scott and a woman were near by in a car. Ray identified appellant as a man who came to his house on that night with Faubian. We think all of this evidence admissible as rebutting appellant's alibi and as showing the falsity of his contention that he was not with Scott and a woman in a car at any time on said night, and further as showing that three parties answering the description given by Mr. Givens, one of whom was appellant and another Scott, were in the Dean neighborhood on said night.

Nor do we think the court erred in refusing to limit the testimony of said witnesses. An exception was taken to the refusal of the court to limit such testimony, but we find no where any special charge expressing appellant's desire that said evidence be limited to any particular purpose. We think said evidence admissible generally as bearing on the guilt of appellant and as identifying him and his party, and we think it wholly improbable that the conviction of appellant should have been in anywise based upon any of the separate offenses claimed by him to have been revealed by the testimony of said witnesses. It is too well settled to need citation of authorities that if the development of the proof sustaining issues in a given transaction carry with it matters which make out a violation of some other law, that such fact will not render said testimony inadmissible. In Bailey v. State, 69 Texas Crim. Rep. 474, 155 S. W. Rep. 536 it is said:

"It is the settled law of this state that it is only when proof of

another offense is such that the jury might use that testimony improperly to convict for that collateral offense, instead of the offense charged and on trial, or make some other unwarranted use of that testimony to the prejudice of the defendant that it is necessary for the court to charge limiting the purpose for which such evidence is admissible. Where the testimony is simply used to prove up the case as res gestae, or to prove any fact that forms a part and parcel of the case on trial so as to show the defendant's guilt, it is not necessary to charge limiting the effect of such testimony. These principles are so accurately and tersely expressed by Judge Hurt for this court, after the most careful consideration, in Thornley v. State, 36 Tex. Crim. Rep., 125, 35 S. W. 982, 61 Am. St. Rep. 836, we quote it: 'Where the testimony is simply used to prove up the case as res gestae, or to prove any other fact that forms a part and parcel of the case, so as to show the defendant's guilt, and there is no probability of the jury convicting for the offense not charged, it is not necessary to limit the effect of the testimony. In fact, it is only necessary for the court to charge upon and limit said testimony when there is danger of a conviction for the offense not charged, or of an unwarranted use of the testimony to the prejudice of the defendant in the case in which he is being tried.' Moseley v. State, 36 Tex. Cr. 578, 37 S. W. 736, 38 S. W. 197; Leeper v. State, 29 Tex. App. 63, 14 S. W. 398; Dugat v. State, 67 Texas Crim. Rep., 148, 46 S. W. 793, and cases there cited.''

Appellant has a bill of exceptions to certain matters pertaining to the venire. Said bill of exceptions contains only appellant's motion to quash said venire and sets out no facts offered in support of said motion, nor is there any showing in the record which would appear to support the contention that the facts are as stated in said motion. A motion based on the absence of a seal, and a date, etc., etc., in any process or paper, which motion was overruled, brings nothing before us for review in the absence of some facts stated in the bill of exceptions or a setting out somewhere in the record of such paper making apparent some basis for such motion.

Appellant has a bill of exceptions because the court in his charge to the jury gave them an instruction and a penalty statement therein relative to the offense of robbery, and in another paragraph of the charge informed the jury of what might be their verdict and the penalty, in the event they believed the robbery was committed by the use of a firearm. It is not claimed that the law was incorrectly stated in either instance, but appellant complains because the matter was submitted in two separate paragraphs of the court's charge. We are unable to see any ground for such contention, nor do we believe that same was incorrect, or could have resulted in any injury. When a firearm is used in committing robbery a larger penalty may be inflicted than when no such weapon is used, and the statement of such

facts in two separate paragraphs of the court's charge would seem in nowise different in legal effect from the connected statement thereof in one paragraph.

Nor do we think that part of the court's charge which instructed the jury to find appellant not guilty if they had a reasonable doubt as to his presence at the place where the offense was committed, open to any objection. The defense was an alibi, and if the evidence raised in the minds of the jury a reasonable doubt of the presence of the accused at the time and place of the alleged commission of the offense, he was entitled to an acquittal.

Appellant has four bills of exception complaining of utterances of the State's attorneys in argument. It is complained that at one time the statement was made that, "These old people are not rich and have never driven around in a Cadillac car," and that at another time the State's attorney said: "The defendant's counsel has drug into this case the time-worn reasonable doubt which has always been used to turn criminals loose," etc., and that at another time the attorney said: "If honest Faubian did not tell you the truth why didn't defendant send to Wichita Falls and get Bullington and show that Faubian was not honest," and that at another time the said attorney stated that, "The defendant has been charged with a number of offenses, and was never indicted for doing an honest day's work." The language of none of said charges is per se of such inflammatory or abusive-character as to call for a reversal at the hands of this court; and in none of said bills of exception is there such showing of the antecedents or surroundings leading to the making of such remarks as would show to our satisfaction that any injury could have resulted. It would be impossible for arguments to be made in which the attorneys for the State were only allowed to reproduce and quote the language used by witnesses. Within reasonable limits it is proper to use illustrations and express views based upon matters growing out of or connected with the testimony of witnesses and the character of the offense and surroundings, antecedents, disposition, etc., of the parties.

Nor are we able to perceive any error in allowing the State's attorney to ask appellant relative to the matters that are complained of in bill of exceptions No. 12. The State had a right to cross-examine him when on the witness stand relative to the matters which it expected to prove by its witnesses reflecting the doings and whereabouts of appellant on the night of the alleged robbery, and to ask him if he was not at the places and doing the things which appeared in the testimony of the State's rebuttal witness later. The State has a right to impeach the defendant in a criminal trial and to lay a predicate therefor, and the laying of such predicate is not a violation of any rule. We have given each of the matters complained of by appellant our careful consideration, and have reviewed the authori-

ties cited by him, but being of opinion that no reversible error appears in the record, the judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

June 23, 1923.

LATTIMORE, Judge.—The appellant's motion to quash the special venire herein consists of five paragraphs setting forth the reasons which were offered for the court's favorable action upon said motion. The record is entirely devoid of anything suggesting that the facts were in accord with the reasons stated. Subdivision 38, page 557, Vernon's C. C. P., cites many authorities upholding the proposition that the certificate of approval of the trial court to a bill of exceptions, is not to be taken as a certificate of the truth of the grounds of objection therein stated.

Appellant again urges the error of the admission of the testimony of Faubian, Johnson, Ray and Boatenheimer, and that the charge was erroneous in failing to limit the effect of said testimony. We discussed these matters in our original opinion. It was material to show the presence of appellant and Scott in the neighborhood of the alleged robbery on the night thereof, and that they were in a car with a woman. Mr. Givens, the alleged injured party, and his wife both claimed that appellant and Scott were at their store at Dean on the night in question in a car with a woman and committed the alleged robbery. Dean was twelve miles east of Wichita Falls. Appellant vigorously denied his presence anywhere east of Wichita Falls on said night. It was in accord with all of our authorities to introduce testimony showing appellant in a car with Scott and a woman east of Wichita Falls and near Dean on the night in question. Some of the witnesses who gave this testimony stated that appellant and his party fired a pistol or pistols. Givens said the party committing the robbery had a pistol. The evidence of each of said witnesses was material and admissible. No authorities are cited holding adversely to those mentioned by us in our former opinion sustaining the proposition that there was no error in the court's failure to limit the effect of this evidence in the charge. Said evidence pertinently supported the hypothesis of the guilt of appellant, and was further admissible as impeaching the truth of his story of his movements on the evening of the robbery, and we are at some loss to know just what limitation could have been properly put thereon. No special charge was asked suggesting appellant's view of the limitation proper. We see no possible objection to the State's action in questioning the appellant with regard to his presence with Scott and the woman at the places and on the times testified to by the State witnesses on the evening of the robbery, the truth of the matters thus inquired about

by the State being incompatible with and contradictory of appellant's statement as to his movements on said evening.

We have again reviewed the arguments of the State's attorney complained of but are not impressed that our conclusion in this regard as expressed in our original opinion was erroneous.

Being unable to agree with any of the contentions made by appellant, the motion for rehearing will be overruled.

*Overruled.*

### ON APPLICATION TO FILE SECOND MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant has presented an application for leave to file a second motion for rehearing in which he re-asserts as error our former holding as admissible certain evidence of extraneous crimes, and as not reversible error the failure of the court to limit same. The views of the writer have been fully expressed in the companion case of Scott v. State (No. 6913). It is sometimes difficult to determine whether a failure to limit evidence to a particular purpose forms the basis for a reversal. It may be conceded that the present case is on the border line, and the questions presented are close ones. However, we have reached the conclusion that we would not be justified in ordering a reversal for the reasons given in the opinion by the writer in the Scott case (supra) and by Justice Lattimore in the original opinion and on rehearing in the instant case.

Appellant's request, therefore, to present a second motion for rehearing will be denied.

*Motion denied.*

MORROW, PRESIDING JUDGE, (*dissenting.*)—The record is like that in Scott's case, No. 6913, in which the same questions of law are presented, and therefore the same ruling should control.

In this, as in Scott's case, the evidence of other offenses was admissible, but it should have been limited upon the request of the appellant. The proper limitation may be put upon the evidence either at the time that it was introduced or in the charge of the court or both. However, it occurs to the writer that there could be no more appropriate time to limit it than at the moment it goes to the jury. In the instant case, the bills of exception reveal that the appellant sought to bring this about. This was the practice approved in the motion for rehearing in the case of Fry v. State, 86 Texas Crim. Rep., 73, 215 S. W. Rep. 564. From Wharton's Crim. Ev., Vol. 1, p. 218, sec. 53, we take the following quotation:

"In many instances the courts have properly admitted evidence of another crime, it being competent for a certain purpose, and then neglected to instruct the jury that the evidence must be considered by them only for such purpose, and by reason thereof the conviction has been reversed. And in Texas it has been repeatedly held that a

failure on the part of the court so to instruct the jury is reversible error, even when such instruction was not requested. But where the nature and circumstances of the case were such that the jury could not possibly have applied the evidence to any other purpose than that for which it was properly admitted, a failure to instruct will not be considered prejudicial error.''

Under the text there are given illustrations from this court in several instances: See Leeper v. State, 29 Texas Crim. App. 63; Carroll v. State, 58 S. W. Rep. 340; Moseley v. State, 36 Texas Crim. Rep. 578; Nixon v. State, 31 Texas Crim. Rep. 408; Barton v. State, 28 Texas Crim. App. 483; Davidson v. State, 22 Texas Crim. Rep. 372; Oliver v. State, 33 Texas Crim. Rep. 541; Mask v. State, 34 Texas Crim. Rep. 136. These and numerous other decisions cited in the notes under the text verify its correctness, as do many cases listed in Vernon's Texas Crim. Stat., Vol. 2, p. 443, note 33.

In holding in the original opinion that there was no probability that the jury convicted the appellant for the assault upon Johnson, or made improper use of it, we were not warranted by the facts, but this should have gone to the jury under a proper charge limiting the evidence of such assault. The evidence that appellant made an assault upon Johnson revealed a separate offense. If the jury believed, beyond a reasonable doubt, that the assault was made and thought it worthy of consideration upon the issue of identity, it was available for that purpose. It was not permissible, however, that they convict the appellant for making the assault upon Johnson nor that by reason of that assault they should enhance his punishment. In the opinion of the writer, such a limitation could have been placed upon the evidence of the collateral offense and the court was not justified in refusing to do so.

In failing to limit the evidence of other offenses to the purposes for which they might be properly received, there was prejudicial error. Because of it, the motion for rehearing should be granted, the affirmance set aside and the judgment reversed. At least, such is the opinion of the writer, expressed with reluctance because of its variance from the views of his associates.