LONNIE GIDCUMB V. THE STATE.

No. 17284. Delivered March 6, 1935.
Rehearing Denied April 3, 1935.
Second Rehearing Denied May 1, 1935.

The opinion states the case.

*L. G. Mathews,* of Floydada, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is sodomy; the punishment, confinement in the penitentiary for five years.

This court is precluded from considering either the statement of facts or bills of exception in view of the fact that they were filed more than ninety days after notice of appeal was given. The motion for new trial was overruled June 11, 1934, and notice of appeal given on the same date. The statement of facts and bills of exception were filed in the trial court September 10, 1934, which was ninety one days after notice of appeal was given. See article 760, C. C. P., and Stroud v. State, 60 S. W. (2d) 439.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—It is now made to appear that the failure to file the statement of facts and bills of exception was not due to negligence on the part of either appellant or his counsel. In short, the statement of the district attorney and trial judge shows that appellant used due diligence to secure approval and filing of the statement of facts and bills within the time required by law. Under the circumstances, the appeal will be considered on its merits.

C. E. Cowand, the injured party, testified, in substance, as follows: He was ten years old at the time of the alleged assault. He was returning home from school on December 16, 1933, when appellant overtook him and asked him to go with him to an old gin, saying that he wanted to catch some pigeons. After they entered the gin house, appellant assaulted him, and, against his will and resistance, carnally knew him. In short, the testimony of the witness made out a case of sodomy.

Appellant did not testify in his own behalf, but introduced witnesses whose testimony raised the issue of alibi.

It is shown in bill of exception No. 1 that the injured party testified that he told his brother Lynn what appellant had done to him. It is recited in the bill that appellant objected on the ground, among others, that the testimony was hearsay. We find no certificate negativing appellant's presence at the time the conversation was had. Bill of exception No. 2 recites that Lynn Cowand testified that his brother told him what appellant had done to him. This bill sets out some of the details of the conversation. There is nothing in said bill to show that appel-

lant was not present at the time said conversation was had. A mere statement of a ground of objection in a bill of exception is not a certificate on the part of the trial judge that the facts which form the basis of the objection are true; it merely shows that such an objection was made. Branch's Annotated Penal Code, sec. 209; Edelen v. State, 103 Texas Crim. Rep., 562; Buchanan v. State, 298 S. W., 569. If appellant was not present at the time the conversations in question were had the bills of exception should have shown such fact. The legal presumption is that the ruling of the trial court was correct unless the bill of exception shows otherwise. If appellant was present the testimony was not hearsay. We quote from 4 Tex. Jur., sec. 215, page 309, as follows:

"A bill of exception complaining of the admission of evidence must show, and the judge must certify, that the objections interposed to the evidence are founded on facts, that is, that they are in fact true, and it must set out such facts or so much of the evidence as to verify their truth. The rules in this respect are elemental.

"In accordance with the general rule, a mere statement of a ground of objection to the evidence in the bill is not a certificate of the judge that the facts which form the basis of the objection are true; it only shows that such an objection was made, and is insufficient to present the ruling for review, where the evidence is not patently and obviously inadmissible *per se*. In other words, the statement of the grounds of objection is not tantamount to a showing of the existence or truth of the facts so stated as reasons for making the objection, and does not establish their truth; the matters so stated cannot be considered as, or presumed to be, statements of fact."

Appellant's motion for rehearing is overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON SECOND MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant files what is apparently a second motion for rehearing, but which is really a first motion, as it relates to the disposition of the case on consideration of the bills of exception.

It is appellant's contention that his bills of exception numbers one and two should not have been held bad for failing to

contain recitals verifying the truth of the grounds of objection. Appellant urges that the approval of the bills by the trial judge should be regarded as a verification that the grounds of objection were supported by the facts. In volume 2, Vernon's Tex. C. C. P., art. 667, will be found note 40, as follows: "The judge's authentication of a bill does not establish the validity of the grounds of exception, but merely certifies its presentation to him and his disposition of it." More than twenty cases are listed which support the note, among them being the early case of Hennessy v. State, 23 Texas App., 340, 5 S. W., 215. See, also, Fields v. State, 95 Texas Crim. Rep., 20, 252 S. W., 759; Overby v. State, 92 Texas Crim. Rep., 172, 242 S. W., 213.

Appellant advances the further proposition that by reference to the statement of facts it will appear that the grounds of objection stated in the bills were established as true. Ordinarily "the court will not look beyond the bill presenting a matter to find facts which should have been set out therein, nor refer to other portions of the record, such as the statement of facts, to supply omissions or make a complete bill, or to ascertain whether error has been committed," etc. 4th vol. Tex. Jur., p. 297, sec. 208. "A bill of exception should be sufficient without the aid of the statement of facts, to disclose the error complained of. * * * The appellate court is not required to and generally will not look to the statement of facts in aid of a defective bill, unless specific reference to some particular part of such statement of facts is made in the bill, or unless the trial court refers to it in his explanation or qualification of a bill,—although it may do so." Volume 4, Tex. Jur., p. 300. Many cases will be found listed in the notes under the text supporting the principles contained in the foregoing quotations from Texas Jurisprudence.

We regret that so many authorities stand in the way of a consideration of the bills, but we feel unauthorized to ignore them.

Appellant's second motion for rehearing is denied.

*Denied.*