## JOHN RIPPEY ET AL. V. THE STATE.

No. 18760.  Delivered March 10, 1937.
Rehearing Denied May 5, 1937.

The opinion states the case.

*Baskett & Parks,* of Dallas, for appellants.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—This is an appeal by appellants from the Criminal District Court of Dallas County upon a final judgment of said court upon a forfeiture of a recognizance. We fail to find any statement of facts accompanying the transcript and evidently appellants did not file. one, but contend that the judgment upon its face shows that John Rippey was indicted in Denton County for the offense of murder, the venue of which was changed to the Criminal District Court

Number One of Dallas County, Texas, which was then in session; that John Rippey as principal and appellants herein as sureties entered into a recognizance in the sum of $13,-000.00 conditioned that the said John Rippey would make his appearance before the Criminal District Court Number One of Dallas County, Texas, instanter and there remain, etc.

Appellants contend that the recognizance was void for two reasons: First, because there was no court legally named and known as the Criminal District Court Number One of Dallas County, Texas; second, because it did not require the principal to appear at a stated time. We cannot agree with them. The legislature in session in the year 1911 created a court to be known as the Criminal District Court Number Two of Dallas County, Texas, which clearly implied the existence of a Criminal District Court in and for said county. By naming the last created court Criminal District Court Number Two it referred, if not in express terms, by implication to the existing Criminal District Court of Dallas County, Texas, as Number One. It can hardly be said that the legislature did not have the numerical order of the courts in mind when they created the second court because number one precedes number two. Whenever a thing is designated as number two it clearly implies the existence of a similar thing numbered one. The court, however, found as a fact that it was commonly known and referred to as the Criminal District Court Number One of Dallas County, Texas, and this is not entirely without good cause for reasons above indicated.

Appellants cite us to the cases of Smith et al. v. State, 7 Texas Crim. Rep., 160, and Adams v. State, 44 Texas Crim. Rep., 534. In those cases there was clearly a misnomer of the court before which the principal was to appear. We do not regard those cases as deciding the exact question here presented.

Appellants next contend that no definite time or date was stated when John Rippey, the principal, was to appear in said court. The recognizance required Rippey to appear before said court instanter which means immediately, forthwith, without delay. We think that instanter is sufficiently definite as to the time when he was to appear to be a substantial compliance with the statute. It seems, however, that neither the principal nor the sureties were in any respect mislead by the recitations in the recognizance because the principal made his appearance before the court, stood trial, was convicted, and had

a new trial granted. From his contention it appears that thereafter he became so confused as to where and when to appear for another trial that he never could find the Criminal District Court Number One of Dallas County, Texas, so as to comply with the terms and conditions of the recognizance.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellants renew their contention that the recognizance executed by them, and upon which the judgment in this case was based, is void because not returnable to a date certain. The recognizance bound appellants to appear instanter and there remain from day to day, etc. In Fentress v. State, 16 Texas Crim. App., 79, this court held that to make a bond returnable instanter was a sufficient specification of the time, and the reason for the holding, and the authorities upon which same is based, appears in the opinion in that case.

Appellants also insist that the recognizance is void because returnable to a court not known to the law. It is true the recognizance was made returnable to Criminal District Court No. 1 of Dallas County, Texas, and it is also true that the first district court having purely criminal jurisdiction in said county, was by the terms of the act creating same known as the Criminal District Court of Dallas County, Texas. It is also true that later, and in 1911, the Legislature enacted a law the caption of which stating that the purpose of the act was to create an additional Criminal District Court in and for Dallas County, Texas, and that the court so created was named Criminal District Court No. 2. Hence the reasons advanced in our former opinion.

Responding to appellant's complaint now under consideration, we have examined anew the transcript in this case, and find in same a copy of the judgment nisi herein in which it is recited that the District Court of Denton County in changing the venue of appellants' case from Denton County,—where same originated,—to Dallas County, designated the court to

which the venue was changed as Criminal District Court No. 1, Dallas County, Texas. In said judgment the learned trial judge also found that the court referred to is commonly known as Criminal District Court No. 1, Dallas County, Texas, and that it was the intent and purpose of the order of the Denton County District Court, in changing the venue hereof, to change same to the Criminal District Court, Dallas County, Texas, and it is recited in said judgment nisi that said order was so understood by the defendant in said case, John Rippey, and by his sureties on his recognizance, who are the defendants in the instant case. It is further recited in said judgment nisi that after the execution of said recognizance, and change of venue above referred to, John Rippey, defendant in said cause, appeared in the Criminal District Court, of Dallas County, in answer to the terms of his recognizance and was then and there tried in said court and convicted, which conviction was set aside by the trial court upon defendant's motion.

We further note that in the final judgment entered upon the bond forfeiture in this case,—at which time it is evident from the record that the trial court heard evidence, which appellants have not seen fit to preserve or bring forward in a statement of facts on this appeal,—it is recited that the order changing the venue designated the court to which same was changed as Criminal District Court No. 1, Dallas County, Texas, whereas the correct name of which court is Criminal District Court of Dallas County, but that said court is commonly known as Criminal District Court No. 1, Dallas County, Texas, and that it was the intent and purpose of said order changing the venue of said case to change the same to the Criminal District Court of Dallas County, and that said order was so understood by the defendant John Rippey, and by his said sureties, defendants in this case, and that same did in fact change the venue of the case from the Denton County District Court to the Criminal District Court of Dallas County. See Castro v. State, 124 Texas Crim. Rep., 13.

We have no doubt of the fact that it thus being shown by testimony as appears from the judgment, that the defendant and his sureties,—appellants herein,—well knew at the time they entered into recognizance that they were binding themselves to produce the body of defendant in said cause in the Criminal District Court of Dallas County, that they became legally bound by the terms of their obligation to so produce him, and that having failed to do so they were and are bound

by the forfeiture of the terms of said recognizance to pay into said court the amount of said recognizance.

The motion for rehearing is overruled.

*Overruled.*