ROBERT P. POLLOCK ET AL V. STATE

No. 28,600. December 12, 1956.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) March 13, 1957.

*Harold W. McCracken,* Dallas, for appellants.

*Jimmy Morris,* County Attorney, Corsicana, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

This is an appeal by Hugh B. Street and Robert B. Allen, sureties on the bail bond of Robert P. Pollock, from the final judgment of the district court of Navarro County upon a forfeiture of said bail bond.

Judgment nisi was entered when Robert P. Pollock failed to appear on the call of his case for trial on the merits on February 20, 1956.

After service of scire facias, appellants filed motions to quash the bail bond and the scire facias and also filed and urged spe-

cial exceptions to the bail bond and the scire facias. Each were overruled. These attacks were predicated upon the following grounds:

(1). that the bond did not state whether the offense charged was a misdemeanor or a felony;

(2) that the charge of "possession of a narcotic" is not an offense eo nomine; and

(3) that the bond failed to specify a certain and definite date and place for the principal on the bond to appear in court.

The bond does not recite whether it is a misdemeanor or a felony. However, the recitation in the bond that appellant had been arrested on a charge of "possession of a narcotic" is sufficient to show that the offense mentioned is a felony. 5 Texas Jur. 909, Sec. 59; Wisdom v. State, 86 S.W. 756.

The bond was conditioned that Robert P. Pollock "appear at the present term of the District Court, to be held in and for the County of Navarro, at the Court House thereof, in the city of Corsicana, on the day of INSTANTER 195___ there to remain in attendance from day to day, * * *."

.This court has held that a bond made returnable "instanter" was a sufficient specification of the time. The words and numbers appearing in the bond in connection with the word "instanter" are surplusage. The place to appear was sufficiently designated. Fentress v. State, 16 Texas App. 79; Rippey v. State, 132 Texas Cr. Rep. 415, 104 S.W. 2d 850.

Appellant insists that there is a fatal variance between the state's pleading and its proof.

The scire facias constitutes the state's pleading in a bond forfeiture case. 5 Texas Jur. 973, Sec. 97.

The proof must sustain the allegations of the scire facias in order to authorize a judgment making final the judgment nisi. Williams v. State, 130 Texas Cr. Rep. 124, 92 S.W. 2d 1036.

In support of his contention that there is a fatal variance between the pleading and the proof appellant points out in his brief that there are material differences between: ·

(1) the allegations in the scire facias and the bond, and also in the scire facias and the judgment nisi as to the time the principal was to appear;

(2) the allegation of the scire facias that he was charged by indictment whereas the bond does not so state; and

(3) the allegations of the scire facias that the bond was dated on or about November 25, 1955, whereas there was no date on the bond showing the time of its execution.

An examination of the bond shows that it recites: "on the _____day of Instanter 195___" as the time the principal was to appear. The judgment nisi and the scire facias each contain the following recitation: "on the_____ day of Instanter A.D. 19___" as to the time for the appearance of the principal. The holding herein that the words and numbers appearing in the bond in connection with the word "instanter" are surplusage is here applicable and answers appellant's contention. No material variance is shown.

We next consider the contention of a variance between the scire facias and the bond.

The bond does not state that appellant was charged by indictment, but it recites that the appellant "has been arrested by the Sheriff of Navarro County, State of Texas, on a charge of possession of a Narcotic by virtue of a Capias issued to the Sheriff of Navarro County by the Clerk of the District Court of Navarro County." The scire facias alleges that the appellant was charged with the offense of possession of a narcotic.

It appears that the recitation in the bond that the sheriff had arrested the appellant by virtue of a capias on a charge of possession of a narcotic issued by the clerk of the district court would be equivalent to the allegation that he had been indicted. We perceive no material variance.

Variance is further urged on the ground that the scire facias alleged that the bond was dated on or about November 25, 1955, whereas there was no date on the bond showing the time of its execution.

The bond does not recite a date of execution; the spaces provided for the date are blank but it shows that it was taken and

approved on November 25, 1955, by the sheriff of Navarro County.

The statute prescribing the requisites of bail bonds does not require that they be dated. Art. 273, Vernon's Ann. C.C.P.

5 Texas Jur. 898, Sec. 53, reads in part as follows:

"However, if a bond recites no date of execution, it will be presumed, in the absence of a showing to the contrary, to have been executed on the date of its approval by the officer taking it."

We find no variance here which calls for a reversal.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.