Eddie BLUE et al., Appellants,

v.

STATE of Texas, Appellee.

No. 32385.

Court of Criminal Appeals of Texas.

Nov. 16, 1960.

Rehearing Denied Dec. 27, 1960.

P. P. Ballowe, Dallas, for appellant.

Henry Wade, Criminal Dist. Atty., James M. Williamson, Asst. Dist. Atty., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

This is an appeal by E. Colley Sullivan and M. E. Fields as sureties upon the bail bond of Eddie Blue from a final judgment of the County Criminal Court No. 2 of Dallas County upon a forfeiture of said bond.

Judgment nisi was entered on January 4, 1960, and provided that "said judgment will be made final unless good cause be shown at the next term of this court why the defendant, Eddie Blue, did not appear."

On March 4, 1960, citation was duly issued and served upon the appellants which summoned them "to be and appear before the County Criminal Court No. 2 of Dallas County, Texas, at the Courthouse of said County, by filing a written answer at or before 10:00 o'clock A.M. of the Monday next after the expiration of twenty (20) days after the date of service of this citation, and show cause why the forfeiture of said bond should not be made final."

Appellants filed in limine their motion to quash the citation in which they alleged that the process served upon them was unauthorized in law and would not support a judgment against them for the reason that it did not comply with the requisites or Articles 425 and 428 of Vernon's Ann.Code of Criminal Procedure.

On May 13, 1960, the court overruled appellants' motion to quash the citation

and after a hearing on the merits rendered final judgment against appellants for the amount of the bond in the sum of $350.

Appellants' sole contention on appeal is that the citation served upon them is insufficient because it did not direct them to appear at the *next term of court* as provided by the statutes governing bond forfeiture proceedings in criminal cases, Articles 424–440, Vernon's Ann.C.C.P., but commanded their appearance as provided in Rule 101 of the Texas Rules of Civil Procedure governing citations in civil cases which reads in part as follows:

> "Rule 101. Requisites. The citation shall be styled 'The State of Texas' and shall be directed to the defendant and shall command him to appear by filing a written answer to the plaintiff's petition at or before 10 o'clock a. m. of the Monday next after the expiration of 20 days after the date of service thereof, stating the place of holding the court. * * *"

The State contends that although the bond forfeiture statutes, Articles 424–440, supra, provide that citation to the sureties shall notify them to appear at the *next term of court*, since the statutes further provide that the proceedings shall be governed by the same rules *as in civil actions*, the citation served upon appellants was properly drawn under Rule 101 of the Texas Rules of Civil Procedure.

■ With such contention we do not agree.

The Supreme Court, in adopting the Rules of Civil Procedure and amendments thereto, governing civil actions in the various courts of this State, under the rule making power vested in it by the Legislature, Acts 1939, 46th Leg., Reg.Session, p. 201 (Art. 1731a, Vernon's Ann.Civ.St.), provided in Rule 2, in part, as follows:

> "Rule 2. Scope of Rules. These rules shall govern the procedure in the justice, county, district, and appellate

courts of the State of Texas in all actions of a civil nature, with such exceptions as may be hereinafter stated. * * * All statutes in effect immediately prior to September 1, 1941, prescribing rules of procedure in bond or recognizance forfeitures in criminal cases are hereby continued in effect as rules of procedure governing such cases, but where such statutes prescribed no rules of procedure in such cases, these rules shall apply."

Rule 2 clearly excludes from the operation of the Rules of Civil Procedure the procedure in bond or recognizance forfeitures in criminal cases and expressly provides that the statutes in effect immediately prior to September 1, 1941, prescribing the rules of procedure in such cases, are continued in effect.

The statutes, Articles 424–440, supra, of the Vernon's Ann.Code of Criminal Procedure which prescribe the rules of procedure in bond forfeitures in criminal cases were in effect immediately prior to September 1, 1941. The statutes were not repealed by the adoption of the Rules of Civil Procedure or any amendments thereto. Being in effect immediately prior to September 1, 1941, under the exception contained in Rule 2, supra, such statutes govern the procedure in bond forfeitures in criminal cases and the issuance of citation therein.

In prescribing the manner of taking a bond forfeiture, Art. 425, supra, provides that the judgment nisi "shall state that the same will be made final, unless good cause be shown at the next term of the court why the defendant did not appear." Art. 426, supra, provides for citation to the sureties and reads, in part: "After the adjournment of the court, a citation shall issue notifying the sureties of the defendant that the recognizance or bond has been forfeiture, and requiring them to appear at the next term of the court and show cause why the same should not be made final. * * *" Art. 427, supra, prescribes the

requisites of the citation and in subdivision 6 provides: "It shall notify the surety to appear at the next term of the court and show cause why the forfeiture should not be made final."

■ The citation or scire facias provided by the statute constitutes the State's pleadings in a bond forfeiture case. Pollock v. State, 164 Tex.Cr.R. 404, 299 S.W. 2d 294.

The citation issued and served upon appellants should have notified them to appear at the next term of court as provided by Articles 426 and 427, supra. Having failed to so direct, the citation was insufficient as a pleading and at variance with the judgment nisi entered in the cause. Appellants' motion to quash the citation should have been by the court sustained.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

On State's Motion for Rehearing

WOODLEY, Judge.

■ The proceedings relating to Bond Forfeiture are entirely statutory. Nichlos v. State, 158 Tex.Cr.R. 367, 255 S.W.2d 522.

■ A bond forfeiture is a *criminal* action, but after the entry of judgment nisi all the proceedings, unless otherwise provided, are governed by the same rules as govern in civil causes; that is, by the applicable Rules of Civil Procedure. See cases cited under Art. 433 Vernon's Ann. C.C.P., Note 2.

■ Art. 425, Vernon's Ann.C.C.P. requires that the judgment nisi state that the same will be made final, *unless* good cause be shown at the next term of court why the defendant did not appear. A judgment nisi which does not contain this provision cannot be made the basis of a final judgment. Cage v. State, Tex.Cr.

App., 330 S.W.2d 433, and cases cited under Art. 425 Vernon's Ann.C.C.P., Note 3.

 The citation or scire facias serves to give notice to the sureties before a final judgment can be rendered. It also serves as the State's pleading in the suit based upon the judgment nisi. Pollock v. State, 164 Tex.Cr.R. 404, 299 S.W.2d 294; Bonds v. State, 162 Tex.Cr.R. 419, 286 S.W.2d 313; Nichlos v. State, 158 Tex. Cr.R. 367, 255 S.W.2d 522.

 A judgment nisi against the sureties on a bail bond is an interlocutory conditional judgment. There is no statute which would authorize its being made final at the term of court during which the judgment nisi is entered.

The State's motion for rehearing is overruled.