TENNYSON SEARCY et al v. STATE

No. 32,846. February 1, 1961

*P. P. Ballowe,* Dallas 11, for appellant.

*Henry Wade,* Criminal District Attorney, *James M. Williamson,* Assistant Criminal District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

McDONALD, Judge

This is an appeal by E. Colley Sullivan and M. E. Fields, surities on a habeas corpus bond wherein Tennyson Searcy is principal, from the final judgment of Criminal District Court No. 2, of Dallas County, forfeiting said bond.

By motion to quash, appellants challenged the sufficiency of the judgment nisi to support the final judgment forfeiting the bond, for the reason that it fails to conform to Art. 425, V.A.C.C.P.

The judgment nisi recites, in part, as follows:

" * * * this judgment will be made final unless good cause be shown why the defendant did not appear, by the sureties filing a written answer at or before 10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service of Seire Facias or citation."

Art. 425, supra, provides, in part, as follows:

"Recognizances and bail bonds are forfeited in the following manner: The * * * judgment [nisi] * * * shall state that the same will be made final, unless good cause be shown at the next term of the court why the defendant did not appear."

In the recent case of Blue, et al, v. State, No. 32,385, (Page 449 this volume), 341 S.W. 2d 917, 919, we said:

"Art. 425, C.C.P., requires that the judgment nisi state that the same will be made final, *unless* good cause be shown at the next term of court why the defendant did not appear. A judgment nisi which does not contain this provision cannot be made the basis of a final judgment."

See cases collated under Art. 425, V.A.C.C.P., Note 3.

Accordingly, the judgment is reversed and the cause is. remanded.