ROBERT CHARLES PASSMORE ET AL V. STATE

No. 33,784. November 29, 1961

WOODLEY, Presiding Judge, dissented.

*P. P. Ballowe,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *James M. Williamson,* Assistant District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

This is an appeal by E. Colley Sullivan, as surety upon the appearance bond of Robert Charles Passmore, from a final judgment of County Criminal Court No. 2 of Dallas County, forfeiting said bond.

The bond, dated October 27, 1960, in the penal sum of $500.00, was conditioned that the principal appear instanter in County Criminal Court No. 2 of Dallas County, to answer a misdemeanor charge.

Judgment nisi was entered on February 22, 1961, and provided that " * * * said judgment shall be made final unless good cause be shown at the next term of this Court why the defendant, Robert Charles Passmore, did not appear."

Citation was issued by the Clerk of the court on February 27, 1961, and service had upon the appellant on February 28, 1961.

The citation commanded appellant "* * * to be and appear before the County Criminal Court No. 2 of Dallas County, Texas, at the Courthouse of said County, by filing a written answer at or before 10:00 o'clock A.M., of the Monday next after the ex-

piration of twenty (20) days after March 6th, 1961, the date of commencement of the next term of said Court, and show cause why the forfeiture of said bond should not be made final."

On May 26, 1961, final judgment was rendered by default against the principal and appellant-surety for the full amount of the bond, they having failed to appear or answer in the cause.

On June 2, 1961, motion for new trial was filed by appellant in which he alleged as grounds therefor that the citation served upon him was insufficient because it did not comply with the provisions of Articles 427 and 428, V.A.C.C.P.

After a hearing, the motion was by the court overruled, to which action of the court appellant excepted and gave notice of appeal to this court.

Appellant insists that the citation was legally insufficient to support the final judgment rendered against him because it did not command him to appear at the next term of court as required by Article 427, V.A.C.C.P., and for such reason the court erred in overruling his motion for new trial.

Appellant relies upon Blue v. State, (page 460, this volume) 341 S.W. 2d 917, wherein this court held that citations issued in bond forfeiture cases should direct the sureties to appear at the next term of court, as provided by Article 427, supra, and that a citation issued, under Rule 101 of the Texas Rules of Civil Procedure, which did not command appearance at the next term of court was insufficient.

We hold that the citation served upon appellant, under its terms and provisions, was sufficient to direct and command appellant to appear at the next term of court as required by Article 427, supra. The citation by its terms designated the time and place of holding the next term of court, namely, at the courthouse in the city of Dallas on March 6, 1961. The fact that the citation commanded appellant to appear on a day within the term, other than the first day, would not vitiate the same. The additional time was favorable to appellant.

The judgment is affirmed.

Appellant having superseded the judgment by supersedeas

bond, judgment is rendered against the sureties on said supersedeas bond for the performance of the judgment herein affirmed.

Opinion approved by the Court.