NELLY NICHLOS ET AL V. STATE.

No. 26,062. November 26, 1952.
Rehearing Denied February 4, 1953.
Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) March 18, 1953.

W. M. *Zachry* and *Douglas N. Boyd,* Waco, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

This is a bond forfeiture proceedings.

We shall recite what we consider the requisite chronology of events necessary for the disposition of the matter here before us.

On October 30, 1951, the Governor of the State of Missouri made a demand upon the Governor of this state for the extradition of Nelly Nichlos.

On November 2, 1951, the Governor of Texas granted the demand and issued a warrant for the arrest of Nichlos.

On November 15, 1951, after a preliminary hearing on the application for writ of habeas corpus growing out of the arrest of the said Nelly Nichlos, the judge of the 54th District Court, McLennan County, refused to grant the writ and committed her to jail, from which refusal she gave notice of appeal to this court.

On January 17, 1952, Nichols made application for bond on

appeal, and the bond which constitutes the basis for this litigation was entered into by her as principal and the sureties herein involved, the condition of said bond being that the principal should remain in attendance upon said district court to abide the judgment of this court.

On February 6, 1952, this court dismissed said appeal on the grounds that "an appeal from an order of a District Judge refusing to grant a writ of habeas corpus does not invest this Court with jurisdiction."

On March 4, 1952, after due notice to principal and her sureties, the principal failed to appear, and the bond was forfeited; a judgment nisi was entered, and the sureties cited to appear at the next term to show cause why the same should not become final.

On June 18, 1952, after proper service upon the sureties, the 54th District Court heard the matter and entered judgment against the principal and the sureties in the sum of the bond. It is from this judgment that the sureties perfect the instant appeal.

Appellants' contention here is that the trial court had no authority to release the principal on bond after refusing the writ, and therefore such bond did not constitute a binding obligation.

Article 857a, C. C. P., provides:

"In any habeas corpus proceeding in any court or before any judge in this State where the defendant is remanded to the custody of an officer and an appeal is taken to an appellate court, the defendant shall be allowed bail by the court or judge so remanding the defendant, except in capital cases where the proof is evident."

This was not a capital case where the proof was evident.

From the foregoing, it appears that the district judge was empowered to grant appellant's bail pending her appeal. This, he did. The Texas Court of Criminal Appeals alone is vested with the power to determine its jurisdiction in an appeal. Where notice of appeal from an adverse decision is given in the trial court by the defendant and recognizance or appeal bond is entered into, the appellant or his sureties will not be heard to say

that this court was without jurisdiction of the appeal and thus escape liability on the appeal bond or recognizance.

There is no merit in appellants' contention.

The judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

WOODLEY, Judge.

In the light of appellants' motion for rehearing, we deem it advisable to state the further facts before us which bear on the issues to be determined.

The executive warrant for the extradition of Nelly Nichlos was issued under the provisions of Article 1008(a), Vernon's Ann. C.C.P., known as the Uniform Criminal Extradition Act. Section 10 of said Act reads as follows:

"No person arrested upon such warrant shall be delivered over to the agent whom the Executive Authority demanding him shall have appointed to receive him unless he shall first be taken forthwith before a judge of a court of record in this State, who shall inform him of the demand made for his surrender and of the crime with which he is charged, and that he has the right to demand and procure legal counsel; and if the prisoner or his counsel shall state that he or they desire to test the legality of his arrest, the judge of such court of record shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus. When such writ is applied for, notice thereof, and of the time and place of hearing thereon, shall be given to the prosecuting officer of the county in which the arrest is made and in which the accused is in custody, and to the said agent of the demanding state."

Following her arrest on the Governor's warrant for extradition, Nelly Nichlos filed application for writ of habeas corpus in the 74th Judicial District Court of McLennan County. The application was filed on November 5, 1951, and on November 7th the cause was transferred on motion of Nelly Nichlos to the 54th Judicial District Court of McLennan County.

The terms of the order made by the judge of the 74th Judicial District are not shown in the record, but it is shown that

by docket entry the cause was set for November 15, 1951, at 9 o'clock a.m.

On November 7, 1951, Nelly Nichlos was released from custody upon a bond in the sum of $2500.00, set by the judge of the 54th Judicial District, to which court the cause was that day transferred.

On November 15, 1951, the date set for the hearing, the cause came on to be heard and resulted in the entry of the order from which Nelly Nichlos, jointly with Steve Nichlos, appealed to this court in our Cause No. 25,696 (Ex Parte Nelly Nichols and Steve Nichols, 245 S.W. 2d 704.)

From the record in this and the former appeal we observe the following additional facts in connection with the hearing on November 15, 1951.

As stated, Nelly Nichlos was enlarged on appearance bond on November 7, 1951. On November 15, 1951, the state, through the district attorney of McLennan County, filed its answer to appellant's application; also on November 15, 1951, Nelly Nichlos filed motion for continuance which was controverted by the state.

On the same date (November 15, 1951) the following order was entered in the 54th District Court:

"On this 15th day of November, 1951, came on for hearing the application of Nelly Nichlos and Steve Nichlos for a writ of Habeas Corpus in the above numbered and entitled cause, and said application having been duly heard and considered by the Court, is by the Court refused, to which the defendants except and give notice of appeal to the Court of Criminal Appeals of the State of Texas, at Austin, Texas."

On November 16, 1951, Nelly Nichols made application for bail pending her appeal and such bail was set by the judge of the 54th District Court at $2500.00, and entered into by Nelly Nichlos and her sureties I. O. Scott and Douglas N. Boyd.

On November 23, 1951, application for habeas corpus was filed on behalf of Nelly Nichlos (and Steve Nichlos) in the 77th District Court in Limestone County, presided over by the late Hon. H. Fountain Kirby. The application recited that same was a second application and that applicants were being held

under bail in the 54th District Court of McLennan County by virtue of the extradition warrant. Judge Kirby granted the writ and ordered the applicants discharged and their sureties released. This order was entered on the day the application was filed, that is on November 23, 1951.

On November 24, 1951, Nelly Nichlos (and Steve Nichlos) filed an application in the 54th District Court to withdraw their notice of appeal from the order of that court of November 15, 1951, reciting that the order entered by Judge Kirby had caused the question raised on the appeal to become moot.

On November 26, 1951, Judge Kirby signed a second order on the application filed in his court, again discharging applicants and releasing their sureties.

On December 11, 1951, sureties on the appeal bond of Nelly Nichlos surrendered her to the custody of the sheriff of Mc-Lennan County and, upon their application, order was entered in the 54th District Court releasing them from liability as sureties.

Also on December 11, 1951, said sheriff of McLennan County was served with an order issued by Judge Kirby commanding him to produce Nelly Nichlos before his court at 2 P.M. on that date for a hearing on her application for habeas corpus, in the same cause in which he had theretofore signed two orders for her discharge.

The sheriff produced Nelly Nichlos, as commanded, and hearing was postponed until December 18th. No further order appears to have been made by Judge Kirby.

On December 17, 1951, the day prior to the hearing set by Judge Kirby, Nelly Nichlos (and Steve Nichlos) moved in the 54th District Court to withdraw their motion of November 24th in which they sought to withdraw their notice of appeal, and this motion was granted in order that the appeal to this court from the order of November 15, 1951, might be perfected. A new appeal bond was then executed by Nelly Nichlos with Ike Sanford and C. B. Sanford, appellants here, as sureties. This, the forfeited bond, was approved by the trial judge on January 17, 1952.

The appeal from the order in the habeas corpus proceeding

was dismissed by this court, the opinion dated February 6, 1952, reciting that the proceeding was an attempt to appeal from an order refusing writ of habeas corpus "and remanding relator to the custody of the Sheriff of McLennan County."

Among the papers in the above appeal is found a motion of Nelly Nichlos signed January 3, 1952, and filed January 4, 1952, requesting this court to dismiss her appeal. No statement of facts was filed.

We also observe that the state filed brief upon that appeal, agreeing that the appeal should be dismissed as to Nelly Nichlos on her motion, but construing the appeal to be from an appealable order denying the relief prayed for following the granting of application for habeas corpus.

It is evident that the order of this court dismissing the appeal was proper, though the basis of the dismissal may have been erroneous.

From the record in Cause No. 25,696, we might well have concluded that no writ of habeas corpus had issued. Such is the language of the order found in the present record.

We are not unmindful of the fact that considerable confusion has arisen because of the use of the expression "the writ of habeas corpus is denied," where in fact the writ has issued, a hearing provided and the court, after hearing, has determined that the relief prayed for should be denied. The proper order to be entered in such a case would, of course, be that the relief prayed for is denied, or some similar language to indicate that the applicant's prayer for release from restraint is not granted and he is to remain in custody.

It is also recognized that some confusion exists as to what orders in habeas corpus matters are appealable to this court and what are not.

We understand the rule to be that where an application alleging unlawful restraint is presented to a judge, and he declines to hear the prayer for relief and any proof which may be offered in support thereof no appeal lies. In fact no order is necessary in such a case, the judge merely having declined to hear the matter, the relief available to the applicant being to present his application to another judge having jurisdiction.

On the other hand, if the judge to whom the application for habeas corpus is presented grants the writ and, after hearing the matter, determines from the evidence or from the application, or from both, that the applicant is not illegally restrained and he denies the relief prayed for, thereby remanding the applicant to custody, if on bail, or if not on bail leaving him in custody, an appeal lies to this court.

In instances such as that before us, it is difficult to determine because of the language used, whether the trial judge has granted the writ and refused to order the release of the applicant, or has refused the writ.

The nature of the proceeding and the question of its appealable nature is not to be determined alone from the form of the order entered, but the entire record may be looked to.

Notice of appeal having been given and the applicant released upon bond fixed and approved by the trial judge, it must be assumed, until this court determines otherwise, that the order is appealable and that the jurisdiction of this court has attached.

Judge Kirby entered his orders discharging Nelly Nichlos from custody after notice of appeal from the order of another judge upholding the validity of her arrest, and while Nelly Nichlos was at liberty under her first appeal bond. We entertain no doubt as to the invalidity of these orders under the facts stated. It was beyond the jurisdiction of Judge Kirby's court to determine the appealable nature of the order of Judge Bartlett while appeal therefrom was pending before this court.

That the question was one which required decision by this court may be demonstrated.

Nelly Nichlos, by her application for release filed on November 5, 1951, showed that she was held for extradition under an executive warrant and prayed that she be immediately brought before the court and that the restraining officer be required to show cause why she should not be released. It is evident that this prayer was granted, the record showing that hearing was set for November 15, 1951, and Nelly Nichlos was released on bail on a $2500.00 bond set by the judge to whose court the case was transferred. An unsuccessful attempt was then made to postpone the hearing, and it being denied, the judge "after

hearing the pleadings and the evidence" entered his order reciting that he "refused the writ."

Having fixed a time and place for a hearing, at which the legality of her restraint would be inquired into, the trial judge in effect granted the habeas corpus writ, and properly admitted Nelly Nichols to bail pending the outcome of such hearing. The order appealed from denied her prayer for release and returned her to custody.

Appellant Nichlos complains of the language of our original opinion to the effect that she was "committed to jail" because no such language appears in the order entered by the trial judge.

The effect of the order refusing her discharge was to return Nelly Nichlos, then under appearance bond, to the custody of the arresting officer who in turn had authority, under Section 12 of the Uniform Criminal Extradition Act, to confine her in jail.

We also observe that in the appeal bond herein forfeited it is recited that the judge "did enter his order remanding relator"; in their motion to set aside the judgment nisi appellants allege that "the court entered its order denying the issuance of such writ and committing the defendant to the McLennan County jail"; and in our opinion on the appeal in the habeas corpus matter we referred to the order as one "refusing writ of habeas corpus for both parties and remanding relators to the custody of the Sheriff of McLennan County." Each of these expressions correctly reflect the effect of the order in question.

At the time of the hearing, Nelly Nichols was at liberty under bond pending such hearing. The court declined to order her release from the fugitive warrant. What effect could be given to such order other than that she be returned to the custody from which she had been released on the bail set and approved by the judge making the order?

We think that the facts stated manifest that the trial judge granted the habeas corpus writ applied for, and set a hearing at which the legality of her restraint could be inquired into; that he fixed and approved an appearance bond upon which she was released pending the outcome of the hearing; that after hearing the question of the legality of the pending extradition, and the evidence adduced, he reached the conclusion that Nelly

Nichlos was not illegally restrained, and ordered that her prayer for release be denied, thereby terminating her right to remain on bail and returning her to the custody of the sheriff.

And in any event, the facts unquestionably raised the issue as to whether such was the proper construction to be placed upon the order in the light of the entire record, an issue this court alone had the authority to determine.

Had this court been afforded the opportunity for reconsideration of the question as to the appealable nature of this proceedings, such as by motion to reinstate the appeal calling to the attention of the court the matters above mentioned, it is evident that we may well have reached a different conclusion as to the reason to be assigned for dismissal of the appeal as to Nelly Nichlos.

Having disposed of appellant's contention regarding the orders entered by Judge Kirby while the appeal from the order entered by Hon. D. W. Bartlett, Judge of the 54th District Court of McLennan County, was pending in this court, we believe that all of appellants' contentions on rehearing have been answered save and except that complaining of the invalidity of the final judgment of forfeiture because of the failure of the state to introduce in evidence a valid judgment nisi.

We recognize that the entry of a judgment nisi is indispensable in a bond forfeiture proceeding, the entire procedure being a statutory one, governed and controlled by Arts. 424 to 440, inclusive, of the Code of Criminal Procedure of this state. Art. 425 C.C.P. provides for entry of judgment nisi.

The citation to be issued and served on the sureties after entry of judgment nisi performs the function of the state's pleading in the suit for recovery on the obligation of the principal and sureties. The citation and return also serve as notice or process.

The record shows the citation issued to the sureties and the return thereon, and further shows that the judgment nisi was admitted in evidence.

We do not find in the record a judgment nisi, but do find the following stipulation entered into in the trial court by the state and appellants:

"On 4 March 1952, after the judgment of the Court of Criminal Appeals in Cause No. 25,696 had become final, and after due notice to the defendant Nelly Nichlos and her bondsmen, Ike Sanford and C. B. Sanford, the defendant Nelly Nichlos failed to make her appearance and the bail and/or recognizance bond entered into by Nelly Nichlos and her sureties, Ike Sanford and C. B. Sanford, in the amount of $2500.00, was forfeited and a judgment nisi entered and said bondsmen ordered cited to appear in said 54th District Court at its next regular term to show cause, if any, why said forfeiture should not be made final, and alias capias ordered issued for the defendant Nelly Nichlos."

"That after the adjournment of the Court a citation was issued notifying the sureties of the defendant, to-wit: C. B. Sanford and Ike Sanford, that the recognizance and/or bail bond had been forfeited and requiring them to appear at the next term of Court and show cause why same should not be made final, and the cause was docketed upon the civil docket in the name of The State of Texas as plaintiff, and the principal and her sureties as defendants, in Cause No. 31972, in the 54th District Court, McLennan County, Texas, and on 13 March 1952 the defendants C. B. Sanford and Ike Sanford were duly and legally served with said citation, and the cause is now before said Court for determination."

The state's pleading alleged the essential terms and conditions of the judgment nisi, and appellants having entered into the foregoing stipulation in regard thereto are in no position to now assert that the cause should be reversed because the state did not see that the judgment nisi became a part of the record. The stipulation, we hold, refers to the judgment nisi as described in the citation to the sureties, (the state's pleading). No substantial defects have been pointed out and we have found none in the judgment nisi described in the citation above.

We remain convinced that appellant Nelly Nichlos defaulted when she failed to appear and make herself available for remand to the custody from which she was relieved by virtue of the appeal bond, and that the trial court did not err in entering judgment against the sureties under their obligation.

Appellants' motion for rehearing is overruled.