**Ex parte's Betty Davis McWILLIAMS**
**and**
**Vernice R. McWilliams.**

**No. 47727.**

Court of Criminal Appeals of Texas.

Dec. 5, 1973.

Byron Chappell and Joel T. Howard, Lubbock, for appellant.

Jim D. Vollers, State's Atty., Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

This is a joint application for a writ of habeas corpus. Petitioners were convicted of robbery by firearms in the 134th District Court of Lamb County, with a punishment of 20 years being assessed against each. Sentence was pronounced against each petitioner on February 25, 1972. They appealed, and this Court affirmed their convictions on June 27, 1973.[1] Petitioners were continuously confined in the county jail of Lamb County from Feburary 25, 1972 to June 29, 1973, on which date they escaped, and were at liberty for approximately five hours before they were recaptured and again placed in custody.

Petitioners sought to have the trial court give them credit from the date of their sentencing on February 25, 1972 to July 27, 1973, the date that the mandate of ths Court was filed in the trial court. A hearing was had in the trial court, at which the above facts were established. The trial court denied the application, and refused to give credit for such period of time, and ordered the record of the proceedings forwarded to this Court.

For the reasons stated in Vessels v. State, Tex.Cr.App., 467 S.W.2d 259, Ex parte Washburn, Tex.Cr.App., 459 S.W.2d 637, and Ex Parte Griffith, Tex.Cr.App., 457 S.W.2d 60, petitioners are constitutionally entitled to credit for time spent in jail

1. McWilliams v. State, 436 S.W.2d 630.

from the date of the sentences, February 25, 1972, until the date the mandate was issued by this Court. See, also, North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656; Robinson v. Beto (5th Cir.), 426 F.2d 797. The fact that petitioners escaped from jail, and for a few hours on June 29, 1973, after this Court had affirmed the judgments were at liberty, is not sufficient cause to deny them their constitutional rights to such jail credit which they had earned by virtue of their confinement.

The trial court will take such action as is necessary and proper to give petitioners credit for jail time in accordance with the provisions of this opinion. See Ex parte Griffith, supra.

Opinion approved by the Court.