Herbert Lee MINOR, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 08–81–00005–CR.

Court of Appeals of Texas,
El Paso.

Oct. 28, 1981.

Rehearing Denied Dec. 2, 1981.

Kerr, Fitz-Gerald & Kerr, Ted M. Kerr, William E. Ward, Ernest L. Carroll, Midland, for appellant.

Vern F. Martin, Dist. Atty., Mary Ann Oakley, Asst. Dist. Atty., Midland, for appellee.

Before STEPHEN F. PRESLAR, C. J., and OSBORN and SCHULTE, JJ.

## OPINION

OSBORN, Justice.

Herbert Lee Minor, Jr., appeals from an order denying a motion for enforcement of

a final judgment, and which order also denied an alternative prayer for a writ of habeas corpus. We affirm.

The Appellant was indicted for capital murder and after a competency trial in June, 1980, a jury found: (1) Defendant was incompetent to stand trial at that time; (2) that there was no substantial probability that he would attain competency to stand trial within the foreseeable future; (3) that he is a mentally retarded person; and (4) that he requires commitment to a mental retardation facility. The Judge ordered the Defendant transferred to Rusk State Hospital for "long-term placement in a residential care, mental retardation facility." In August, 1980, the trial Judge was advised by the Superintendent of Rusk State Hospital that the Defendant was being returned to the committing Court "as being now competent to stand trial." The evaluation report from the Hospital did not reflect any treatment which the patient had received, nor that there had been any substantial change in his condition since his admission about three weeks earlier. The report did note that the patient was in the "borderline retarded range."

Following Defendant's return from the Hospital to the jail in Midland, a motion was filed to enforce the Court's prior commitment order. At the hearing on the motion, the Court found that officials at Rusk State Hospital had failed to comply with the Court's judgment and an order was entered in April, 1981, directing that the Defendant be again transferred to Rusk State Hospital. In June, 1981, the Superintendent of the Hospital again advised the Judge of the trial Court that the patient is competent to stand trial. Again, the evaluation report does not reflect any treatment which the patient received nor that there has been any substantial change in his condition during his six weeks in the Hospital.

Following his return to the jail in Midland, another motion for enforcement of the Court's earlier order was filed with an alternative request for a writ of habeas corpus. At the hearing, the Court acknowledged that the Hospital was doing nothing;

that they were just kind of ignoring the Court's order and it was becoming a game of sending the Defendant to the Hospital and its forthwith returning him. The Court, in denying the motion for enforcement of its earlier order, did order another competency trial and this appeal resulted.

The Appellant presents six points of error in which he contends the judgment in the first competency trial was final and is res judicata of the issue of competency to stand trial. He also contends the State may not order a retrial on the issue of competency, when there has been no evidence of treatment or other basis for a determination of a change of condition as originally found by the jury at the first trial.

■ Initially, we note that although there is no direct appeal from a judgment entered in a pre-trial competency hearing, as set forth in *Jackson v. State*, 548 S.W.2d 685 (Tex.Cr.App.1976), an appeal may be had where, as here, a trial judge grants a writ of habeas corpus, but denies the relief requested. *Ex parte Johnson*, 561 S.W.2d 841 (Tex.Cr.App.1978); *Mayes v. State*, 538 S.W.2d 637 (Tex.Cr.App.1976) and *Nichlos v. State*, 158 Tex.Cr.R. 367, 255 S.W.2d 522 (1952).

■ The premise that a judgment of incompetency is res judicata as to the issues therein involved is erroneous. In *Hatton v. State Board of Control*, 146 Tex. 160, 204 S.W.2d 390 (1947), the Court held that a judgment of insanity and need for restraint is not res judicata as to those issues at any time subsequent to the judgment. In reaching that result, the Court recognized that such a condition is not necessarily permanent and may change at some future date.

The primary focus of this appeal is upon Sections 6 and 8 of Article 46.02, Tex.Code Crim.Pro.Ann. Section 8(e) of that article provides:

On written notice by the head of a mental health or mental retardation facility that in his opinion a person who has been civilly committed to that facility and against whom criminal charges are

pending is competent to stand trial, or on good cause shown by the defendant, his counsel, or the prosecuting attorney, the court in which the criminal charges are pending may hold a hearing to determine the competency of the defendant to stand trial. The hearing shall be before a jury unless waived by agreement of the parties. The order setting the hearing shall order the defendant placed in the custody of the sheriff for transportation to the court. The court may appoint disinterested experts to examine the defendant in accordance with the provisions of Section 3 of this article. If the defendant is found to be competent to stand trial, the proceedings on the criminal charges may be continued. If the defendant is found incompetent to stand trial and is under an order of commitment to a mental health or mental retardation facility, the court shall order him placed in the custody of the sheriff for transportation to that facility.

■ By the express provision of this Section, the trial Court, after receiving written notice from the Superintendent of the Hospital that the patient is competent to stand trial, "may hold a hearing to determine the competency of a defendant to stand trial."[1] Appellant makes a strong argument that such notice should reflect the treatment provided and that there has been a substantial change in the condition of the patient before a new trial is required. Although many valid reasons can be given to support that contention, the Legislature has not seen fit to require any kind of certification as to treatment or a change of condition as a precedent to another trial on the issue which has already been determined by one jury.[2] The Legislature having not seen fit to provide any standard, other than written notice from the head of the mental health facility of competency of

the patient, we may not amend the statute by adding our own standards. Instead, the Legislature has left the ultimate issue of a redetermination of competency to the discretion of the trial Court who "may hold a hearing."

When this Defendant was returned the first time, the Court refused to have another hearing and ordered him returned to the Hospital. The next time, it could have done the same thing. Instead, the Court decided to have a hearing, and we find no error in its ordering another competency hearing. Unfortunately, it appears that in the past two years the State has provided no treatment or assistance to change the Defendant's mental condition, if that be possible.

■ Appellant raises by one point of error the issue of whether he may be retried when he has received no treatment for the condition which the jury found to exist. He argues the applicability of Subchapter C, Sec. 11 of Art. 5547–300, Tex.Rev.Civ.Stat. Ann., which does provide that every mentally retarded person shall have the right to receive adequate treatment and habilitative services. Additional rights are set forth in Subchapter E, Sec. 24. Whether those rights have been granted or denied was not an issue before the trial Court when it decided to order another competency hearing. The only requirement of the statute was that there be a written notice from the head of the mental health or mental retardation facility that in his opinion the patient is competent to stand trial. If a second jury reaches the same results as the first, the Court may consider ordering that the proper facility provide necessary care and treatment as required by Subchapter C, Sec. 11, and Subchapter E, Sec. 24(a)(1) of Article 5547–300, Tex.Rev.Civ.Stat.Ann.

Until the Legislature sees fit to provide specific standards which require certification of a change of condition by the head of

---

1. In this case, the Court could have ordered a second trial within about three months of the first trial, since the patient was first reported as being competent to stand trial in August, 1980.

2. This statute may be contrasted with Section 14.08(d) of the Texas Family Code which requires that specific requirements be met before a custody dispute may be relitigated within one year from a prior decision on the same issue. *Figueroa v. Figueroa*, 580 S.W.2d 621 (Tex.Civ. App.—El Paso 1979, no writ).

the certifying mental health facility, the trial Court is left with the difficult determination of whether to order a new competency hearing or order the patient returned to the hospital, when there has been no treatment nor indication of a change of the mental condition of the patient.

Points of Error One through Six are overruled. The order of the trial Court is affirmed.