TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00386-CR







Ex Parte Christopher Standage, Appellant








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 98-02992, HONORABLE JON N. WISSER, JUDGE PRESIDING








 This is an appeal from an order denying Christopher Standage relief in a pretrial
habeas corpus proceeding. On appeal, appellant asserts that the trial court erred in refusing to
hear testimony relating to appellant's alleged unlawful restraint and in refusing to grant appellant
the relief he requested. On the other hand, the City of Austin, represented by the City Attorney,
contends appellant is not sufficiently restrained of his liberty to warrant habeas corpus relief and
also that the pretrial habeas corpus determination of the constitutionality of a city ordinance is
inappropriate. We will overrule appellant's points of error, but we will vacate the trial court's
order and remand the cause to the trial court.


Background


 Appellant filed a habeas corpus application in a district court alleging that he was
charged with a misdemeanor offense of violating a City of Austin camping ban ordinance. He
sought pretrial relief alleging that the ordinance he was charged with violating was unconstitutional
and that it deprived him of his federal and state constitutional rights. Appellant enumerated his
constitutional rights as those provided by the First, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, and
Fourteenth Amendments to the United States Constitution and Article I, Sections 9, 10, 13, 15,
and 19, and Article XI, Section 5 of the Texas Constitution.

 The trial court granted and issued a writ of habeas corpus commanding the Travis
County Sheriff and the City of Austin Chief of Police to bring petitioner before the court for a
hearing. The trial court designated a magistrate to hear the habeas corpus application. At the
hearing, the magistrate heard counsel's arguments and received briefs. However, neither
testimony nor documentary evidence was offered or admitted. The magistrate then entered the
following order:


ORDER DENYING APPLICATION FOR WRIT OF HABEAS CORPUS



On the 9th day of June, 1998, came on to be heard the Application for Writ of
habeas Corpus filed by Christopher Standage.


The Court refused to entertain evidence on the merits and after considering the
Pleadings and arguments of counsel found as follows:


1. This Court has jurisdiction;

2. Applicant is under restraint as contemplated by the Texas Code of Criminal
Procedure sufficient to entitle him to this remedy;

3. However, Applicant has an adequate remedy at law; direct appeal from the
Municipal Court.


IT IS, THEREFORE, ORDERED ADJUDGED AND DECREED that Applicant
be denied habeas corpus relief because he has an adequate remedy at law; an appeal
from the Municipal Court.



The trial court approved the findings and recommendations of the magistrate.

Trial Court and Appellate Court Jurisdiction


 There is a statutory preference for defendants charged with misdemeanors to apply
to a county judge for habeas corpus relief. See Tex. Code Crim. Proc. Ann. art. 11.09 (West
1977). However, there can be no doubt that a district judge may allow petitioners to file and to
consider habeas corpus applications in misdemeanor cases. See Tex. Const. art. V, § 8; Tex.
Code Crim. Proc. Ann. arts. 11.05, 11.08 (West 1977); Rodriguez v. Onion, 741 S.W.2d 433,
434 (Tex. Crim. App. 1987); Ex parte Crosley, 548 S.W.2d 409 (Tex. Crim. App. 1977); Ex
parte Phelper, 433 S.W.2d 897, 897-98 (Tex. Crim. App. 1968). Therefore, the trial court had
jurisdiction of petitioner's habeas corpus application in a misdemeanor case as a matter of law.

 When a trial court grants and issues a writ of habeas corpus but thereafter denies
relief on the merits, the court's order is appealable. See Ex parte McCullough, 966 S.W.2d 529,
531 (Tex. Crim. App. 1998); Ex parte Trillo, 540 S.W.2d 728, 732 n.5 (Tex. Crim. App. 1976);
Ex parte Mayes, 538 S.W.2d 637, 638-39 (Tex. Crim. App. 1976).

 When a trial court purportedly refuses to grant and issue a writ of habeas corpus,
but nevertheless undertakes to rule on the merits of the application, it has been held that an
appellate court is authorized to decide the appeal. See Ex parte Hargett, 819 S.W.2d 866, 868-69
(Tex. Crim. App. 1991); Ex parte Miller, 931 S.W.2d at 725. "The nature of the proceeding and
the question of its appealable nature is not to be determined alone from the form of the order
entered, but the entire record may be looked to." Nichlos, 255 S.W.2d at 526. 

 In the instant case, the trial court granted and issued the writ of habeas corpus. 
After a hearing without allowing the admission of evidence, the magistrate entered an order,
approved by the trial judge, entitled an "Order denying Application for Writ of habeas corpus,"
by its caption purporting to deny the filing of the application. (1) However, the order clearly shows
that the trial court, without hearing evidence, ruled on the merits of the application, holding that
appellant was under sufficient restraint to entitle him to the habeas corpus remedy but that he was
not entitled to relief because he had an adequate remedy by direct appeal from a municipal court
conviction. In these circumstances, under the authority of Hargett, this Court has authority to
decide the appeal.


Restraint and Adequate Remedy


 The City Attorney disagrees with the trial court's decision that appellant is
sufficiently restrained of his liberty to entitle appellant to obtain habeas corpus relief. Appellant
disagrees with the trial court's decision that an appeal from conviction in the municipal court is
an adequate remedy, if the ordinance is unconstitutional. However, we cannot decide these
matters because the record is insufficient to allow us to determine either issue.

 Although the parties have argued exhaustively, there is no evidence in the record
to show that charges are pending against appellant that restrain him of his liberty. There is not
a copy of a complaint in the record to show that appellant is charged with any offense. In view
of the record, we will not discuss the constitutionality of the city ordinance. See Ex parte Oats, 
238 S.W. 930, 931 (Tex. Crim. App. 1921); Ex parte Smallwood, 211 S.W. 293 (Tex. Crim.
App. 1920); Ex parte Miller, 931 S.W.2d at 725.

 Not only is there no complaint in the record charging appellant with an offense, the
ordinance that appellant claims he is charged with violating is not included in the record. This
Court has refused to take notice of a challenged municipal ordinance that was not included in the
record. See Metro Fuels, Inc. v. City of Austin, 827 S.W.2d 531, 532 (Tex. App.--Austin 1992,
no writ); also see Hollingsworth v. King, 810 S.W.2d 772, 774 (Tex. App.--Amarillo), writ
denied per curiam, 816 S.W.2d 340 (Tex. 1991). Before a court will take judicial notice of a
municipal ordinance, a copy of the ordinance must be properly verified and made a part of the
record. See City of Houston v. Southwest Concrete Const. Inc., 835 S.W.2d 728 (Tex.
App.--Houston [14th Dist.] 1992, writ denied).

 There is yet another problem. The record shows that the State was represented in
this proceeding by the City Attorney and not by the Travis County District Attorney. It would
appear that the State should have been represented by the Travis County District Attorney. The
Court of Criminal Appeals recently held:


As to the question of the authority of the District Attorney to represent the State in
matters of habeas corpus it has long been the law that: ". . . When any criminal
proceeding is had before an examining court in [the district attorney's] district or
before a judge upon habeas corpus, and he is notified of same, and is at the time
within his district, he shall represent the State therein, unless prevented by other
official duties." Tex. Code Crim. Proc. Ann. Art. 2.01. The District Attorney
. . . unless disqualified through a conflict of interest or by other statutory reason,
shall represent the State in habeas corpus actions within his district.



Alvarez v. Eighth Court of Appeals , 977 S.W.2d 590, 593 (Tex. Crim. App. 1998). In addition,
a statute relating to the procedure in habeas corpus cases provides that: "If neither the county
attorney nor district attorney is present, the judge may appoint some qualified practicing attorney
to represent the State." Tex. Code Crim. Proc. Ann. art. 11.39 (West 1977). The record fails
to show that either the district attorney or the county attorney represented the State in this case or
that they were notified of the filing of the habeas corpus application. The record fails to show that
in their absence the trial court appointed a qualified attorney to represent the State.

 In view of the record's deficiencies, it is inappropriate for us to decide the issues
urged by the parties.


Disposition


 Ordinarily, the appellant has the burden to bring the appellate court a record that
is adequate to show reversible error. In the circumstances of this case, however, appellant was
prevented from presenting evidence. As a result, the record is so deficient that we vacate the
order of the trial court and remand the cause. Our remand of this cause leaves the parties and the
trial court with the options (as discussed in this opinion) that they had when appellant's habeas
corpus application was originally filed.

 The trial court's order is vacated and the cause is remanded to the trial court.



 

 Carl E. F. Dally, Justice

Before Justices Jones, Kidd and Dally*

Vacated and Cause Remanded

Filed: March 25, 1999

Do Not Publish




















* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. When a trial court refuses to grant and issue a writ of habeas corpus, either before or after
a hearing, the trial court's order may not be reviewed by an appellate court because there is no
appealable order and the appellate court lacks jurisdiction of the appeal. See Ex parte Noe, 646
S.W.2d 230, 231 (Tex. Crim. App. 1983); Ex parte Morehouse, 614 S.W.2d 450, 451 (Tex.
Crim. App. 1981); Ex parte Johnson, 561 S.W.2d 841, 842 (Tex. Crim. App. 1978); Nichlos v.
State, 255 S.W.2d 522, 526 (Tex. Crim. App. 1952); Ex parte Nichlos, 245 S.W.2d 704, 705
(Tex. Crim. App. 1952); Ex parte Hughes, 201 S.W.2d 1070 (Tex. Crim. App. 1929); Ex parte
Smith, 215 S.W. 299 (Tex. Crim. App. 1919). When the trial court refuses to grant and issue a
writ of habeas corpus, and does not attempt to rule on the merits of the application, the petitioner's
only remedy is to make application to another judge for the relief he seeks. Nichlos, 255 S.W.2d
at 526; Ex parte Miller, 931 S.W.2d 724, 725 (Tex. App.--Austin 1996, no pet.). Whether a trial
court issues a writ of habeas corpus is a matter of discretion. See Ex parte Fowler, 573 S.W.2d
241, 244 (Tex. Crim. App. 1978); Williams v. Harman, 788 S.W.2d 192, 193 (Tex.
App.--Houston [1st Dist.] 1990, no pet.).



rt. 2.01. The District Attorney
. . . unless disqualified through a conflict of interest or by other statutory reason,
shall represent the State in habeas corpus actions within his district.



Alvarez v. Eighth Court of Appeals , 977 S.W.2d 590, 593 (Tex. Crim. App. 1998). In addition,
a statute relating to the procedure in habeas corpus cases provides that: "If neither the county
attorney nor district attorney is present, the judge may appoint some qualified practicing attorney
to represent the State." Tex. Code Crim. Proc. Ann. art. 11.39 (West 1977). The record fails
to show that either the district attorney or the county attorney represented the State in this case or
that they were notified of the filing of the habeas corpus application. The record fails to show that
in their absence the trial court appointed a qualified attorney to represent the State.

 In view of the record's deficiencies, it is inappropriate for us to decide the issues
urged by the parties.


Disposition


 Ordinarily, the appellant has the burden to bring the appellate court a record that
is adequate to show reversible error. In the circumstances of this case, however, appellant was
prevented from presenting evidence. As a result, the record is so deficient that we vacate the
order of the trial court and remand the cause. Our remand of this cause leaves the parties and the
trial court with the options (as discussed in this opinion) that they had when appellant's habeas
corpus application was originally filed.

 The trial court's order is vacated and the cause is remanded to the trial court.



 

 Carl E. F. Dally, Justice

Before Justices Jones, Kidd and Dally*

Vacated and Cause Remanded

Filed: March 25, 1999

Do Not Publish




















* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.