**In re Mark Douglas HOUSE, Relator.**

**No. 07–01–0097–CV.**

Court of Appeals of Texas, Amarillo.

April 5, 2001.

---

1. The law does not concern itself about trifles.

Jack M. Graham, Amarillo, for relator.

Sonya Letson, Amarillo, for state.

Before BOYD, C.J., QUINN, and REAVIS, JJ.

QUINN, Justice.

Pending before us is an application for writ of habeas corpus filed by Mark Douglas House. Therein, he asks that we determine the legality of his restraint pending extradition to New Jersey. The petition is dismissed.

■ It is beyond dispute that habeas corpus is an extraordinary remedy which may not be used as a substitute for appeal. *Ex parte Clore,* 690 S.W.2d 899, 900 (Tex. Crim.App.1985); *Courson v. State,* 996 S.W.2d 348, 350 (Tex.App.—Houston [14th Dist.] 1999, no pet.); *see Ex parte Sanchez,* 918 S.W.2d 526, 527 (Tex.Crim.App. 1996) (stating that the "Great Writ should not be used to litigate matters which should have been raised on direct appeal"). Thus, when an individual has available to him an adequate legal remedy such as a direct appeal, we should not exercise our discretionary authority to issue a writ of habeas corpus. *Ex parte Powell,* 558 S.W.2d 480, 481–82 (Tex.Crim.App.1977) (dismissing application for writ because the applicant had a statutory right to appeal the decision about which he complained); *M.B. v. State,* 905 S.W.2d 344, 346–47 (Tex.App.—El Paso 1995, no pet.) (dismissing for the same reason).

■ Next, while one may not appeal from a court's refusal to issue a writ of habeas corpus, one may appeal from an order granting the writ but ultimately denying relief. *Ex parte McCullough,* 966 S.W.2d 529, 531 (Tex.Crim.App.1998). Furthermore, whether a writ of habeas corpus was initially issued or granted is not determined by the form of the order ultimately executed by the court. *Nichlos v. State,* 158 Tex.Crim. 367, 255 S.W.2d 522, 526 (1952). Rather, it is determined by whether the trial court refused to hear the application or evidence supporting it. *Id.* For instance, in *Nichlos,* the petitioner filed an application for habeas corpus as a means of contesting her arrest and pending extradition. The trial court convened a hearing on the matter and thereafter "refused" to issue the writ. Question arose as to whether the order refusing the writ was appealable. In response to that question, the Court of Criminal Appeals held that "[h]aving fixed a time and place for a hearing, at which the legality of her

restraint would be inquired into, the trial judge in effect granted the habeas corpus writ." *Id.* at 527.[1] So, from *Nichlos* and *McCullough* we learn that where the trial court does nothing on the application or denies it without the benefit of a hearing, it effectively has refused to grant a writ of habeas corpus. Moreover, the decision is not appealable. On the other hand, when the trial judge schedules and convenes a hearing on the application, it effectively has granted the writ, and, any ensuing order denying relief or refusing to release the applicant is appealable.

 Here, the record discloses that House petitioned the trial court for a writ of habeas corpus. In response, the trial court convened a hearing on the petition, received evidence from both House and the State, and ultimately entered an order declaring that House's "application for writ of habeas corpus [was] denied." As can be seen, these circumstances liken to those in *Nicholos.* So, we conclude that by convening a hearing and receiving evidence, the trial court effectively granted House a writ of habeas corpus even though it ultimately refused to award him any relief.[2] And, because the writ was granted, there accrued to House a right to appeal the trial court's refusal to release or discharge him from restraint. Finally, because House had a right to appeal the decision *and has*

*apparently invoked that right,* we dismiss his petition for habeas corpus.[3]

It is so ordered.

1. The rule is better understood once the reader recognizes a distinction between granting a writ of habeas corpus and awarding the petitioner relief by discharging him. Technically speaking, in granting the writ, the trial court is merely directing the entity restraining the applicant to produce the applicant for hearing. *Ex parte Hargett,* 819 S.W.2d 866, 868 (Tex.Crim.App.1991). It is not releasing the petitioner or otherwise declaring that his restraint is improper. *See Nichlos v. State,* 158 Tex.Crim. 367, 255 S.W.2d 522, 526 (1952) (describing the appropriate wording of an order in cases where the writ is issued but the

relief prayed for is ultimately denied). The latter occurs when the court enters an order discharging or releasing the petitioner from his restraints.

2. At the end of the hearing, it declared that "[y]our application for writ of habeas corpus is denied."

3. Indeed, House states in the petition now before us that a "notice of appeal has been filed with the County Court at Law, Number I."