Opinion issued August 20, 2008











In The
Court of Appeals
For the
First District of Texas
____________

NO. 01–08–00694–CR
____________

IN RE HERMAN R. DIAZ, Relator




Original Proceeding on Petition for Writ of Habeas Corpus




MEMORANDUM OPINIONRelator Herman R. Diaz has filed with this court a post-conviction petition for
a writ of habeas corpus relative to the trial court adjudication of a misdemeanor
charge of terroristic threat.


 Appellant asserts that he filed an application for writ of
habeas corpus with the convicting trial court, but that it declined to take jurisdiction.
          Specifically, relator requests that, pursuant to article 11.07 of the Texas Code
of Criminal Procedure, this Court “issue a writ of habeas corpus and conduct an
evidentiary hearing . . . .” Because the underlying matter is not a felony conviction,
the habeas corpus proceeding is not governed by the provisions of Article 11.07 of
the Texas Code of Criminal Procedure and this court will not take original
jurisdiction of the writ. See Tex. Code Crim. Proc. Ann. art. 11.07, sec.1 (Vernon
Supp. 2007) (providing that it applies to felony convictions); Ex parte Crosley, 548
S.W.2d 409, 409 (Tex. Crim. App. 1977). “Both county and district courts have
original jurisdiction in habeas corpus proceedings when attacks are made upon the
validity of misdemeanor convictions; [citations omitted].” Id. The courts of appeals’
jurisdiction to issue writs of habeas corpus extends to cases in which the person’s
liberty is restrained by virtue of an order, judgment, or decree previously made,
rendered or entered by the court or judge in only a civil case. Tex. Gov’t Code Ann.
§ 22.221(d) (Vernon 2004). When the trial judge denies the writ, a petitioner’s
remedy is to present his application to another judge having jurisdiction. Mayes v.
State, 538 S.W.2d 637, 639 (Tex. Crim. App. 1976) (citing Nichols v. State, 255
S.W.2d 522, 526 (Tex. Crim. App. 1953)).
          Accordingly, we dismiss relator’s petition for want of jurisdiction. We deny
all pending motions.
 
 PER CURIAM
Panel consists of Justices Taft, Jennings, and Bland.