

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-21-00579-CR

**EX PARTE** Eric Uriel **SIFUENTES**, et al.

From the 63rd Judicial District Court, Kinney County, Texas
Trial Court No. 5135
Honorable Roland Andrade, Judge Presiding

Opinion by:  Beth Watkins, Justice

Sitting:  Beth Watkins, Justice
Liza A. Rodriguez, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: January 24, 2022

DISMISSED AS MOOT IN PART; REVERSED AND REMANDED IN PART; MOTION TO DISMISS DENIED

In this accelerated appeal, 144 appellants filed a joint notice of appeal and motion for emergency relief challenging the trial court's order denying their pretrial writ of habeas corpus seeking release on personal bond or bail reduction. We reverse and remand as to appellants Jhony Alexander Cerrato Perez, Jesus Alejandro Rodriguez Gutierrez, Michael David Alvarado-Cerrato, and Ever Rolando Galdamez-Milla. We dismiss the remaining appellants' appeals as moot. We deny the State's motion to dismiss this appeal for lack of jurisdiction.

## BACKGROUND

On or after August 24, 2021, appellants were arrested in Kinney County pursuant to Operation Lone Star[1] for misdemeanor trespass and confined in the Briscoe Unit in Frio County or the Segovia Unit in Hidalgo County. On November 5, 2021, appellants filed a joint pretrial writ of habeas corpus application, alleging they are illegally restrained and confined on bonds ranging from $1,500 to $10,000. Appellants further alleged they had been confined on the charges for more than fifteen or thirty days and that the State was not ready to proceed to trial within that time. According to their joint application, article 17.151 of the Texas Code of Criminal Procedure required their release on personal bond or a bail reduction.

On December 13, 2021, the trial court held a hearing on the joint application. By that time, appellants had grown to 153 in number and had been in custody from 76 to 107 days. Appellants, all of whom had been previously found indigent by a magistrate, urged the trial court to reduce their bonds to reasonable amounts they could make. The trial court denied relief for all appellants, both in 153 individual orders and in a joint order covering "all Applicants." Appellants timely appealed and filed a motion for emergency relief. Appellants' motion for emergency relief requested that this court, "at the soonest possible time issue its mandate requiring the District Court to immediately set bonds for each of the 144 Appellants in amounts that each can afford, even if that amount is nominal."

---

[1] Texas Governor Greg "Abbott unveiled Operation Lone Star in March [2021], saying he was deploying thousands of DPS officers and Texas National Guard troops to the border [of Texas and Mexico] amid a sharp increase in migrants crossing from Mexico illegally or to seek asylum." Katie Hall, *After District Court Success, Lawyers Challenge More Than 400 Operation Lone Star Arrests*, Austin American-Statesman (Jan. 21, 2022, 6:04 p.m.), https://www.statesman.com/story/news/2022/01/20/operation-lone-star-tx-400-arrests-challeneged-travis-county/6586179001/. A Travis County District Court recently found Operation Lone Star unconstitutional. *See id.* That order is currently on appeal. *See* Third Court of Appeals, online docket for Cause No. 03-22-00032-CR, *The State of Texas v. Jesus Alberto Guzman Curipoma* (Jan. 21, 2022 at 6:07 p.m.), https://search.txcourts.gov/Case.aspx?cn=03-22-00032-CR&coa=coa03.

On December 31, 2021, the State filed a Motion to Dismiss for Lack of Jurisdiction and Response to Motion for Emergency Relief. The State argued that because "the merits were not considered, on the record, by the habeas court," this court "lacks jurisdiction over the appeal." It also argued that this court does not have authority to grant the emergency relief sought. Also on December 31, 2021, appellants filed a reply in support of their motion for emergency relief, and on January 3, 2022, the State filed a surrebuttal. According to a notice filed by appellants on January 21, 2022, subsequent events have rendered the appeals of all but four appellants moot. The four live appeals are those brought by Jhony Alexander Cerrato Perez, Jesus Alejandro Rodriguez Gutierrez, Michael David Alvarado-Cerrato, and Ever Rolando Galdamez-Milla. As of January 21, 2022, these four appellants have been in custody between 114 and 141 days.

## ANALYSIS

### *Mootness*

"The longstanding rule in Texas regarding habeas corpus is that where the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are moot." *Bennet v. State*, 818 S.W.2d 199, 200 (Tex. App.—Houston [14th Dist.] 1991, no pet.) (internal quotation marks omitted). According to appellants, only four of the original appellants are still incarcerated, the rest having either "bonded out" or pled "no contest or guilty to the charges so they could be released from custody."

For these reasons, we conclude the appeals brought by appellants other than Jhony Alexander Cerrato Perez, Jesus Alejandro Rodriguez Gutierrez, Michael David Alvarado-Cerrato, and Ever Rolando Galdamez-Milla are moot. *See Martinez v. State*, 826 S.W.2d 620 (Tex. Crim. App. 1992). Accordingly, the remainder of this opinion will address only the appeals brought by Jhony Alexander Cerrato Perez, Jesus Alejandro Rodriguez Gutierrez, Michael David Alvarado-Cerrato, and Ever Rolando Galdamez-Milla.

### *Jurisdiction*

Before reaching the merits of appellants' claims, we must address the State's contention that we lack jurisdiction over this appeal. *See Ex parte Pool*, 71 S.W.3d 462, 465 (Tex. App.—Tyler 2005, no pet.).

### *Applicable Law*

Pretrial habeas corpus proceedings are separate criminal actions from criminal prosecutions. *Greenwell v. Court of Appeals for the Thirteenth Judicial Dist.*, 159 S.W.3d 645, 649 (Tex. Crim. App. 2005). "The appealability of a habeas proceeding turns not upon the nature of the claim advanced but upon the use of the procedure itself and the trial court's decision to consider the claim (i.e. 'issue the writ')." *Id*. at 650. If the record shows that the trial court heard evidence and addressed the merits, the result is appealable. *Nichlos v. State*, 255 S.W.2d 522, 526 (Tex. Crim. App. 1952) (op. on reh'g). Even if no writ had formally issued, in reaching the merits, a trial court has, in effect, issued the writ. *Ex parte Villanueva*, 252 S.W.3d 391, 395 (Tex. Crim. App. 2008). "However, when a trial judge refuses to issue a writ or denies an applicant a hearing on the merits of his or her claims, there is no right to appeal." *Id*.

### *Application*

In its motion to dismiss this appeal, the State argues that this court lacks jurisdiction over this appeal because no appeal lies from the refusal to issue or grant a writ of habeas corpus. At the habeas hearing, the State agreed that the trial court had jurisdiction to hear the case but argued that the case, "would be more appropriately heard in the county court in Kinney County, since that's where the cases have arisen from."[2] In this court, the State maintains that is exactly what the trial

---

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 11.05 ("The Court of Criminal Appeals, the District Courts, the County Courts, or any Judge of said Courts, have power to issue the writ of habeas corpus; and it is their duty, upon proper motion, to grant the writ under the rules prescribed by law."). Days before the hearing, the State filed an Application for Writ of Prohibition in the Court of Criminal Appeals seeking the issuance of a writ of prohibition directing respondents—

court did: the trial court declined to rule on or consider the joint application for habeas relief, so appellants could only present the application to another court with jurisdiction or seek mandamus relief.[3] The State's argument is that because appellants were not brought into the courtroom, the trial court did not issue the writ—that is, it did not issue an order "directed to any one having a person in his custody, or under his restraint, commanding him to produce such person, at a time and place named in the writ, and show why he is held in custody or under restraint"—and thus no appeal lies. *See* TEX. CODE CRIM. PROC. ANN. art. 11.01. But even though the trial court did not formally issue a writ, by admitting evidence and hearing testimony and arguments on the merits, the trial court *effectively* issued the writ. *Ex parte Villanueva*, 252 S.W.3d at 395. The trial court reached the merits and then denied relief. Such an order is appealable. *See In re House*, 65 S.W.3d 694, 696 (Tex. App.—Amarillo 2001, no pet.); *Ex parte Pool*, 71 S.W.3d at 465. Accordingly, we reject the State's contention that we lack jurisdiction to consider this appeal, and we deny its motion to dismiss.

### *Pretrial Release*

#### *Standard of Review*

We review the trial court's order denying a pretrial habeas corpus application for an abuse of discretion. *Ex Parte Gill*, 413 S.W.3d 425, 428 (Tex. Crim. App. 2013). A trial court abuses

---

all judges sitting by assignment in the County Court of Kinney County—"not to grant relief in any case involving an application for pre-trial writs of habeas corpus; a motion to quash the information; a motion to set aside the information; a motion to dismiss the information; a motion to reduce bond, and/or a motion for release on personal bond." In it, the State complained that the respondents have "granted some form of relief in these pre-trial matters in ex parte communications without notice to the State and/or without conducting a hearing at which the State may be heard." The Writ of Prohibition was admitted as an exhibit at the habeas hearing.

[3] The State also argues that because the habeas statutes apply to a single person, only Sifuentes counts as an applicant/appellant here. The State did not complain on this ground at the habeas hearing when the trial court heard the applications collectively, and there is no legal basis for this complaint. *See Ex parte McWilliams*, 502 S.W.2d 15, 15–16 (Tex. Crim. App. 1973) (considering appeal of joint application for a writ of habeas corpus); *see also Ex parte Kussmaul*, 548 S.W.3d 606, 610 (Tex. Crim. App. 2018) (plurality op.) (same).

its discretion when it acts without reference to guiding rules or principles. *Ex parte Gonzalez*, 383 S.W.3d 160, 161 (Tex. App.—San Antonio 2012, pet. ref'd).

*Applicable Law*

The applicable part of Article 17.151 provides:

> A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within . . . 30 days from the commencement of his detention if he is accused of a misdemeanor punishable by a sentence of imprisonment in jail for more than 180 days [or] 15 days from the commencement of his detention if he is accused of a misdemeanor punishable by a sentence of imprisonment for 180 days or less[.]

TEX. CODE CRIM. PROC. ANN. art. 17.151, § 1(2), (3).[4] Article 17.151, section 1 is mandatory. *Ex parte Lanclos*, 624 S.W.3d 923, 927 (Tex. Crim. App. 2021); *Ex parte Gill*, 413 S.W.3d at 430. The State either must announce ready within the allotted time or announce retrospectively that it had been ready within that time. *Ex parte Venegas*, 116 S.W.3d 160, 164 (Tex. App.—San Antonio 2003, no pet.); *Ramos v. State*, 89 S.W.3d 122, 128 (Tex. App.—Corpus Christi 2002, no pet.), *overruled on other grounds by Ragston v. State*, 424 S.W.3d 49, 51-52 (Tex. Crim. App. 2014) (the question of the State's "readiness" within the statutory limits refers to the preparedness of the prosecution for trial). If the State is not ready for trial on a misdemeanor charge within fifteen days (for a Class B Misdemeanor) or thirty days (for a Class A Misdemeanor) of the defendant's confinement, the trial court has only two options: release the defendant on personal bond or reduce bail to an amount the defendant can afford. *See id*. at 164–65.

*Application*

At the hearing on the joint application, the State did not contradict the assertion that it was not ready for trial within the allotted time. Instead, it told the trial court that "the judge of the

---

[4] Article 17.151's release requirements exceptions do not apply in this case. *See* TEX. CODE CRIM. PROC. art. 17.151, § 2.

courtroom is the boss. So my job is to file the case. Our case got filed. I'm relying on the Court to tell me what to do from there." It is not enough that the State appear in open court after the running of the applicable period and declare itself ready for trial. *Jones v. State*, 803 S.W.2d 712, 717 (Tex. Crim. App. 1991). Rather, it must retrospectively announce that it had been ready for trial within thirty days of these trespassing arrests. *See id*. This, the State did not do. The State presented no testimony or documentary evidence at the hearing on the issue of whether the State was ready.

Instead, the State argued at the hearing that the trial court was not required to follow article 17.151's release requirement because it was suspended by executive order GA-13, which was signed by the governor on March 29, 2020, shortly after the COVID-19 state of disaster was declared. *See* The Governor of the State of Tex., Exec. Order No. GA-13, March 29, 2020, 45 Tex. Reg. 2368, 2369 (2020). But the Court of Criminal Appeals recently considered the effect of GA-13 and concluded "[t]he executive order suspends Article 17.151 only to the extent that it calls for releasing defendants on personal bond. It does not suspend Article 17.151's release of defendants on bonds they can afford." *Ex parte Lanclos*, 624 S.W.3d at 927. This court, too, has concluded that "GA-13 only suspends part of article 17.151's automatic release requirement" and "does not suspend the part of the statute requiring the defendant's automatic release by reducing the amount of bail required." *Ex parte Montes*, No. 04-20-00337-CR, 2021 WL 603368, at *2 (Tex. App.—San Antonio Feb. 17, 2021, no pet.) (not designated for publication, internal quotation marks omitted).

The State also urged the trial court to deny relief because there had been "no testimony about the ability of any of the defendants to make bond."[5] However, the Court of Criminal Appeals

---

[5] The State also argued, "There's been nothing for the Court to consider why it should be reduced. Effective December 2nd, 17.15[] was amended to include that a court may take into consideration the fact that these folks are not legal citizens, and therefore, they're not here legally, they're a flight risk, and if given a PR bond, what's going to happen to the poor county court at law judge is he's going to have 150 cases that's backed up on their docket with no one to

has characterized as "irrelevant" evidence about what bond amount a defendant can afford. *Ex parte Lanclos*, 624 S.W.3d at 928. "Article 17.151 does not condition a defendant's release on his proving how much bond he can afford. Rather, it mandates his release—either on personal bond or by reducing the required bail amount—period." *Id*. (citing *Ex parte Gill*, 413 S.W.3d at 431).

Because article 17.151's mandatory provision requiring bail reduction was not altered by executive order GA-13 and because the State did not show itself to be ready for trial thirty days after appellants were confined, appellants were entitled to release under Article 17.151. The trial court therefore abused its discretion by denying the joint habeas corpus application of appellants Jhony Alexander Cerrato Perez, Jesus Alejandro Rodriguez Gutierrez, Michael David Alvarado-Cerrato, and Ever Rolando Galdamez-Milla and denying the request to reduce their bail. TEX. CODE CRIM. PROC. art. 17.151, § 1. We therefore reverse the trial court's order.

## CONCLUSION

We reverse the trial court's order denying the joint habeas corpus application of appellants Jhony Alexander Cerrato Perez, Jesus Alejandro Rodriguez Gutierrez, Michael David Alvarado-Cerrato, and Ever Rolando Galdamez-Milla. We also remand this case to the trial court to set bonds in amounts that Jhony Alexander Cerrato Perez, Jesus Alejandro Rodriguez Gutierrez, Michael David Alvarado-Cerrato, and Ever Rolando Galdamez-Milla can afford as article 17.151 requires. We order the trial court to set those bonds within one calendar day of

---

try." Article 17.15, titled "Rules for setting amount of bail," does provide "The citizenship status of the defendant shall be considered." TEX. CODE CRIM. PROC. ANN. art. 17.15(a)(7). But article 17.15 cannot be applied in a way that undermines article 17.151. *See Ex parte Gill*, 413 S.W.3d at 430 (holding article 17.151 operates in conjunction with, not subservient to, article 17.15's rules as long as the court's decision-making process results in the accused's release, and noting "finding that the judge must consider rules prescribed by article 17.15 that may prevent a defendant's release reads the phrase 'must be released' right out of article 17.151, or alternatively grafts article 17.15's rules onto article 17.151, § 2's enumerated exceptions"); *Ex parte Cardenas*, 631 S.W.3d 758, 761 (Tex. App.—El Paso 2021, no pet.).

the issuance of this opinion, judgment, and mandate. No motions for rehearing will be entertained. *Ex parte Lanclos*, 624 S.W.3d 923, 929 (Tex. Crim. App. 2021).

We further order the clerk of this court to issue the mandate immediately. *See* TEX. R. APP. P. 18.6 (allowing the appellate court to issue the mandate with its judgment in an accelerated appeal); *Ex parte Carson*, 215 S.W.3d 921, 924 (Tex. App—Texarkana 2007, no pet.) (issuing the mandate immediately in an article 17.151 bail reduction case).

Beth Watkins, Justice

PUBLISH